EUGENE A. TAYLOR and GEORGE A. TAYLOR, JR.,

*vs.*

JOHN B. CROSSON and COMMONWEALTH TITLE INSURANCE AND TRUST COMPANY OF PHILADELPHIA.

*New Castle, June* 26, 1916.

Since the rule against perpetuities is peremptory, and not a rule of construction, its object being to defeat the intention, the will must be construed as if the rule did not exist, and the rule must then be remorselessly applied, so that, if there are two possible constructions, that consistent with the rule will be adopted; but, if the meaning is clear, it must be given effect, even if it renders the gift illegal.

The rule that, where the devise is to children as a class, those in existence on the testator's death take, excluding the after-born, has no application where the determination of the class is postponed until the death of the life tenant, and is applicable only where there is a present gift payable in the future.

Where the court of another state has already passed on validity of a will as to perpetuities, its determination is of great weight; although the court within whose jurisdiction the property lies has the duty of again

construing and determining its validity in a suit on contract involving the property.

The rule against perpetuities governs both legal and equitable interests, but not vested interests, and the contingency for future vesting must thereunder arisé within the required limits, if at all, and is determined by the possibilities, and not the probabilities.

Where the devise was in trust for the life of testatrix's daughter, and then, if she had issue, in trust until her children were twenty-five years old, and the daughter, having issue, survived the testatrix, the bequest was void, since it might not have vested until twenty-five years after death of one in being at the death of the testatrix, since the living issue might have died and the class might have been of persons not living at the testatrix's death.

Although an estate would actually have vested within the limits of the rule against perpetuities, the whole bequest was void, even as to competent takers, where it might possibly not have vested within such time.

For the purpose of determining questions of remoteness, men and women are deemed capable of having issue so long as they live.

Where a trust failed under the rule against perpetuities, the trustee, in whom the legal title had already vested, was charged with a resulting trust for the competent successors to intestate property, and a deed to the property by the heirs of such successors would convey good title.

BILL FOR SPECIFIC PERFORMANCE. The bill is to enforce specific performance of a contract for the sale by the complainants to the defendant, Crosson, of the premises No. 816 Van Buren Street, in Wilmington, which Mary E. Adams, the grandmother of the complainants owned at the time of her death. By her will, dated June 27, 1904, and a codicil thereto, both probated October 28, 1912, Mary E. Adams, being then the widow of Lorendo H. Adams, after directing the payment of debts and certain pecuniary legacies given to her two grandsons, the complainants, children of her daughter, Mary A. Taylor, the testatrix gave and devised all the residue of her estate, real and personal, to her executors, John B. Crosson and the Commonwealth Title and Trust Company of Philadelphia, in trust for her daughter, Mary A. Taylor, for life and then provided as follows:

"At the death of my daughter should she have issue the trust is to continue until my daughter's youngest child shall have reached the age of twenty-five years (25) when the principal shall be equally divided between my grandchildren if they shall be then living, and in case any of my grandchildren shall be then deceased leaving lawful issue, the surviving such issue to take the share their parent would have taken if living, and in case any of my said grandchildren should be then deceased without lawful issue the same to go to my other grandchildren share and share alike.

"If my daughter Mary A. Taylor should die without leaving lawful issue, then the principal is to be appropriated.     *     *     *  "

One of the executors and trustees, John B. Crosson, renounced and letters testamentary were granted to the other, the Commonwealth Title Insurance and Trust Company of Philadelphia, one of the defendants. Mary A. Taylor survived the testatrix and died September 27, 1912, intestate, leaving to survive her her husband and as her only heirs at law two children, the complainants, one of whom is and the other of whom is not now twenty-five years of age. Afterwards the husband of Mary A. Taylor by deed released to the complainants his interest in the land.

For the complainants it is claimed in the bill that the devise of the land as part of the residuary estate was void, being in violation of the rule against the creation of perpetuities in that the gift to the complainant was a contingent remainder and might not certainly vest in the beneficiaries within a life or lives in being and twenty-one years, but might continue for a longer period, viz.: for a life or lives in being and twenty-five years. Therefore, it was urged that as the remainder was void the testatrix died intestate as to the land, and it descended to them as heirs at law, so that the deed made by them and tendered to Crosson would convey to him a good title.

For the defendants it was claimed that the devise was not invalid, and that the title to the land was in the executor, the Commonwealth Title Insurance and Trust Company of Philadelphia, one of the defendants.

At the death of Mary A. Taylor one of her children was more than four years of age.

*Herbert H. Ward,* for the complainant.
*E. Ennalls Berl,* for the defendants.

THE CHANCELLOR. The most important point for decision is whether the rule against perpetuities is applicable. Inasmuch as this rule is a peremptory command of law, not a rule of construction, and its object being to defeat intention, therefore, as Professor Gray says:

"Every provision in a will or settlement is to be construed as if the rule did not exist, and then to the provision so construed the rule is to be remorselessly applied."

If there be two constructions, as to each of which there is doubt, the one consistent with and the other repugnant to the law, the former will be adopted; but if the meaning is clear, it must be adopted even if the law renders the gift so construed illegal. *Phillips v. Phillips,* 10 *Del. Ch.* 314, 91 *Atl.* 452, 456. It is a duty, therefore, first to construe the will and then see whether the gift is legal. As to the construction of the will, it was urged by the defendants that there was a trust after the death of the daughter of the testatrix in favor of the children of the daughter until the youngest attained twenty-five years of age, and then a remainder in fee to the children. As authority for this the well-established rule was cited, viz: that where there is a devise or bequest to children as a class, no child being specifically named in the will, those children who are in existence at the death of the testator are to be the beneficiaries and later born children do not benefit thereby. But this construction is not applicable to the will of Mary E. Adams, for under it the class was not determined until at or after the death of the life tenant. Besides, the principle above referred to is only applicable where there is a present gift payable in the future. *State, use Richardson v. Raughley,* 1 *Houst.* 561; *Ingram v. Girard,* 1 *Houst.* 276.

Inasmuch, therefore, as by a proper construction of the will, if any children had been born to the daughter of the testatrix after the death of the testatrix, they would have become beneficiaries, it is necessary to consider whether for that reason

the gift is too remote, for being a contingent and not a vested interest the rule may be applicable. So far as disclosed by reported cases the ancient rule prohibiting devises which may take effect beyond a life or lives in being and twenty-one years thereafter, has not been applied in Delaware to testamentary gifts, to private persons, though its application to charitable uses and trusts has been denied in *State v. Griffith*, 2 *Del. Ch.* 392, 399, and *Griffith v. State*, 2 *Del. Ch.* 421, 460.

A court of competent jurisdiction in Pennsylvania, where the will was probated, has, in a cause tried there in the Superior Court, determined that the particular provision of the will under consideration here was invalid because a violation of that rule. See *Adams's Estate*, 23 *Pa. Dist. R.* [1914] 271. This decision being an adjudication in a cause requiring the determination of the validity of the gifts under the same will is entitled to great weight. But inasmuch as the subject matter of the contract is property in Delaware, this court is called upon to determine the question here also. The report of the decision in Pennsylvania was this: At the audit of the estate of Mary E. Adams in the Orphans' Court in Philadelphia after the death of the daughter of the testatrix, the administator of the daughter claimed the whole estate because the gift after her life estate was too remote, and, therefore, the personal estate of Mary E. Adams was distributable under the intestate laws and belonged to the administrator of the daughter, who was next of kin of the testatrix. It was urged, however, that although the ulterior limitation failed, yet the income of the fund accrued during the interval between the death of the life tenant and the attainment of twenty-five years of age by the youngest child of the daughter of the testator belonged to the children of the daughter. But the Orphans' Court held that, though the equitable life estate in the daughter by itself might be valid, yet as the ulterior estate to the grandchildren of the testatrix was too remote, and there was no gift of income for the interval, the whole trust failed; the court observing, however, that inasmuch as the daughter was then dead it need not concern itself as to that. On appeal the decision was affirmed by the District Court, which found that it was a gift to a class,

the members of which could not be ascertained until the arrival of a period of time which according to the rule is too remote. It will be seen that the particular question there decided was quite a narrow one, but in deciding it the question as to remoteness was also decided, and with that conclusion this court agrees.

As stated by Gray in his work on *The Rule. Against Perpetuities* (*3d Ed.*) § 201, *p.* 174, the rule is:

"No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest."

He truly calls it rather a rule against remoteness, by limiting the time within which future estates may be created, and shows also that it is confusing to call it a rule in restraint of alienations. Legal and equitable interests, and interests in both realty and personalty are governed by it, but a vested interest is not. The contingency upon which the future interest arises must happen, if at all, within the required limits. As expressed by Gray, § 214:

"It is not enough that a contingent event may happen, or even that it will probably happen, within the limits of the rule against perpetuities; if it can possibly happen beyond those limits, an interest conditioned on it is too remote."

As the Pennsylvania court, in construing the will of Mary A. Adams, said:

"The application of the rule against perpetuities is determined by the possibilities of the case, not by its probabilities, nor by the actual event."

By the will of Mary E. Adams there was a gift in trust for a daughter of the testatrix for life and at her death the trust is to continue until her youngest child shall have reached twenty-five years, the principal to be then divided among her children. The daughter survived the testatrix and had only two children, the complainants. Quite clearly the gift to the children, or grandchildren, of the daughter of the testatrix was contingent and not vested, and the personnel of the class of bene-

ficiaries was not determined until the youngest child of the daughter of the testatrix attained twenty-five years; and inasmuch as after the death of the testatrix the daughter might have had a child who would become a member of the class and be a beneficiary, the class might include persons not in being at the death of the testator and whose interests would not be vested within twenty-one years after the death of the testator. In other words, the contingent event could possibly have happened later than twenty-one years after a life in being at the death of the testatrix, and, therefore, the gift in remainder was too remote.

Such a gift is clearly too remote, even though there were grandchildren living at the death of the testatrix, and even though all of the grandhcildren then living were over four years of age, for all of such grandchildren might have died before attaining twenty-five years of age and the class be ultimately composed of grandchildren not born at the death of the testatrix. *Gray on The Rule Against Perpetuities*, § 369; *Lawrence v. Smith*, 163 *Ill.* 149, 45 *N. E.* 259.

It necessarily follows that the gift is bad as to the whole class, though some of the class have now attained the age of twenty-five years, for the whole gift is bad, the rule respecting remoteness being applicable, though as events turn out the the estate actually vested within twenty-one years after a life or lives in being at the death of the testator. *Sears v. Russell*, 8 *Gray (Mass.)* 86, 97-104.

For the defendants it is urged that the rule does not apply in case the gift in remainder is to children of a woman beyond the age of child bearing. There is no evidence as to the age of the daughter of the testatrix, so in no event can such a rule, if there is one, be applied here. But there is no such rule of law. For the purpose of determining questions of remoteness, men and women are deemed capable of having issue so long as they live. *Gray on Perpetuities*, § 215, 215(a); *Stout v. Stout*, 44 *N. J. Eq.* 479, 486, 15 *Atl.* 843; *List v. Rodney*, 83 *Pa. St.* 483; *In re Sayer*, *L. R.* 6 *Eq.* 319; *Jee v. Audley*, 1 *Cox Ch.* 324; *In re Dawson*, *L. R.* 39 *Ch. Div.* 155, 163. The only case cited to the contrary is *Cooper v. Laroche*, *L. R.* 17 *Ch. Div.* 368, which,

as is fully shown in *Gray on The Rule Against Perpetuities*, and by *In re Dawson, supra*, has been repudiated and discredited.

Unmistakably, then, the conclusion is that the gift in trust after the death of the daughter of the testatrix was contingent and by possibility could have included persons whose interest did not vest within a life in being at the death of the testatrix and twenty-one years thereafter, and for these reasons the trust was too remote, though as a fact no person became a member of the class whose interest did not vest within a life or lives in being and twenty-one years. What is the consequence of so holding?

"When, by reason of an equitable interest being too remote, there is a legal interest vested in trustees, without any corresponding equitable interest, there is a resulting trust to the heir or next of kin." *Gray on the Rule Against Perpetuities*, § 414.

This means that if the equitable interest given to the grandchildren of the testatrix fails because too remote, then the legal title theretofore vested in the executors as trustees, as well as the equitable interest therein, reverted to the persons who at the death of the testatrix were the heirs at law of the testator and in this case it would be the daughter, Mary A. Taylor, from whom the complainants inherit the premises in question. The complainants can, therefore, make a good title to the defendant, Crosson (so far as any objection thereto has here been suggested), and are entitled to a decree for specific performance.

Let a decree be entered accordingly.