SPRINGFIELD SAFE DEPOSIT AND TRUST COMPANY,
trustee, *vs.* GORDON IRELAND & others.

Hampden. April 8, 1929. — June 26, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,* Contingent, Validity, Alternative provisions, Rule against perpetuities. *Rule against Perpetuities.*

An attorney at law, who died in 1891, by his will gave the use and income of all his property to his wife for life and, on her death, in trust to pay the income to his only child, a daughter, and "at her decease, in equal shares to her children then living, the lawful issue of any her child then deceased taking by representation their parent's share: and in the month of January 1922, or of the first January thereafter, after the decease of said . . . [daughter], to convey in fee simple, transfer and pay over the same, in equal shares, to her then living children and the lawful issue of any her child then deceased, such issue taking by representation their parent's share, as tenants in common: but should there then be alive no child or grandchild of her's, to convey in fee simple" to a religious association. The testator's widow died in 1912. The daughter died in February, 1928, leaving surviving one son, who had been born about five months before the will was made. In August, 1928, the trustee under the will by a petition in the Probate Court sought instructions. *Held,* that

(1) It was the apparent purpose of the testator to have the trust end and the principal of the trust conveyed and distributed in the month of January, 1922, if his daughter were then dead; but if she were then alive, that she should continue to receive the income, and the termination of the trust should be postponed to the January following her death;

(2) The testator knew that but one child had been born to his daughter before his death, but he contemplated the possibility that she would become the mother of other children and undertook to make provision for them;

(3) Until the arrival of the date thus designated for the termination of the trust, the persons to take could not be ascertained and the interest of children of the daughter and of their issue was contingent;

(4) The will contained alternative contingencies: the first in its legal effect provided for the vesting of the estate in January, 1922, in case his daughter were then dead, while the second provided that, in the event of the daughter continuing to live beyond January, 1922, the estate would vest in the January following her death in "her then living children and the lawful issue of any her child then deceased";

(5) Since the daughter lived after January, 1922, only the second alternative contingency was in effect, and, not being in violation of the rule against perpetuities, was valid although, if the first provision had taken effect, it would have been invalid because in violation of the rule against perpetuities and the intent of the testator could not have been carried out;

(6) The daughter's son was entitled to the principal of the trust estate, conveyance to be made in January, 1929;

(7) The daughter's son also was entitled to the income of the trust estate between the death of his mother and the date of conveyance to him in fee simple.

PETITION FOR INSTRUCTIONS, filed in the Probate Court for the county of Hampden on August 25, 1928, by the trustee under the will of Solomon Jones Gordon.

The petition was heard by *Long*, J. Material facts are stated in the opinion. By his order there was entered the final decree described in the opinion. The executor of and trustee under the will of Jeannie Gordon Ireland, and a guardian *ad litem* appealed.

*N. P. Avery*, (*D. M. Macauley* with him,) for the executor of and trustee under the will of Jeannie Gordon Ireland.

*G. Ireland*, respondent, *pro se*.

*E. Hutchings*, guardian *ad litem*, submitted a brief.

SANDERSON, J. This is an appeal from a final decree of the Probate Court upon a petition for instructions, presented by the Springfield Safe Deposit and Trust Company, trustee under the will of Solomon Jones Gordon, who died in 1891 at the age of sixty-four.

The testator, an attorney at law, by will dated May 17, 1881, gave his wife, Rebecca Ames Gordon, the use and income of his entire property for life; and established upon her death a trust of all his estate to pay the net income to his only child, Jeannie Gordon Ireland (designated in the will as Jeannie Gordon), during her life, free from all claims of mar-

ital right, and "at her decease, in equal shares to her children then living, the lawful issue of any her child then deceased taking by representation their parent's share: and in the month of January 1922, or of the first January thereafter, after the decease of said Jeannie Gordon, to convey in fee simple, transfer and pay over the same, in equal shares, to her then living children and the lawful issue of any her child then deceased, such issue taking by representation their parent's share, as tenants in common: but should there then be alive no child or grandchild of *her's*, to convey in fee simple, transfer and pay over the same to the 'American Unitarian Association' incorporated under the laws of Massachusetts in the year 1847; to have and to hold the same to it, its successors and assigns forever."

The testator's widow died in 1912. His daughter was born December 29, 1853, and died February 22, 1928, leaving a will. The Springfield Safe Deposit and Trust Company is executor of that will and trustee thereunder. Her only child, Gordon Ireland, was alive when his grandfather's will was drawn, having been born December 23, 1880. The testator knew of the existence of this grandson from the time of his birth. In 1908 Gordon Ireland married; he has two children born respectively in 1911 and 1913. He was formerly trustee under the will of his grandfather, and upon his resignation from that office the Springfield Safe Deposit and Trust Company was appointed in his place.

The petitioner asks to be instructed to whom, at what times, and in what proportions, the income and principal of the trust fund shall be paid and distributed.

The judge of probate decreed that the respondent Gordon Ireland was entitled to the principal and income of the trust fund, and that the trustee under the will of Solomon Jones Gordon, after making certain payments for legal expenses, should convey, transfer and pay over to him all of the trust property for which it is legally chargeable. From this decree the Springfield Safe Deposit and Trust Company as executor and trustee under the will of Jeannie Gordon Ireland, and the guardian *ad litem* of the minor children of Gordon Ireland have appealed.

It was the apparent purpose of the testator to have the trust end and the principal of the trust conveyed and distributed in the month of January, 1922, if his daughter were then dead; but if she were then alive, that she should continue to receive the income, and the termination of the trust should be postponed to the January following her death. He knew that but one child had been born to his daughter before his death, but he contemplated the possibility that she would become the mother of other children and undertook to make provision for them.

The only gift of principal to grandchildren is to those living at the date fixed for the termination of the trust, and there is no gift to any issue of such children except to the issue of any child then deceased, and if no child or grandchild of the daughter should then be alive the whole estate is to be conveyed and transferred to the religious association. The terms of this provision for the religious organization tend to show an intention that the interest in the children or grandchildren of his daughter should not be vested, and also are indicative of a testamentary purpose that no issue more remote than the daughter's grandchildren should take. The testator undoubtedly hoped that his estate would ultimately go to his direct descendants, but he made it clear that even if his daughter should die soon after his own decease, neither her children nor her grandchildren could receive any part of the principal until January, 1922; and, whatever his reasons may have been for selecting that date, only those then living would be entitled to share in the property.

When it plainly appears that a testator intended to create a contingent estate, the rule favoring so construing the will that estates shall be considered vested must give way, even though the gift is to children, or other descendants, of the testator, and when because of the contingency the limitation is void for remoteness. The gift over in the case at bar was by way of direction to the trustees to "convey in fee simple, transfer and pay over" the whole estate, and one object of the trust was that the trustees should hold the full legal title and make conveyance at the date fixed after the death of the testator's daughter.

The fixing of the future date for conveyance and transfer of the trust property, and the provision in substance that only those children then living or the issue of those then deceased should share in the property, indicate that the testator intended the ultimate estate to vest at the time fixed for conveyance and transfer by the trustees. By so designating the takers he has excluded children who might die before the date set for termination of the trust, and until the designated date arrives the persons to take cannot be ascertained and the interest of children of the daughter and of their issue is contingent. *Sears* v. *Russell,* 8 Gray, 86, 99. *Thomson* v. *Ludington,* 104 Mass. 193, 194. *Smith* v. *Rice,* 130 Mass. 441, 442. *Bigelow* v. *Clap,* 166 Mass. 88, 91. *Crapo* v. *Price,* 190 Mass. 317, 322. *Clarke* v. *Fay,* 205 Mass. 228, 230, 231. *Carr* v. *New England Anti-Vivisection Society,* 234 Mass. 217, 219. *Welch* v. *Williams,* 237 Mass. 373, 376. *Security Trust Co. of Lynn* v. *Boyce,* 257 Mass. 586, 588, 589.

The controlling rule of interpretation is that the intent of the testator is to govern, and this intent is to be carried out if not in conflict with some rule of law. In case of such conflict the will must fail of effect in so far as it violates the rule, "not because the intent of the testator does not control its construction, but because the law will not permit his intent to be accomplished." *Sears* v. *Russell,* 8 Gray, 86, 94. The rule against perpetuities is not a rule of construction but of law, and is to be applied even if the accomplishment of the expressed intent of the testator is thereby made impossible. *Odell* v. *Odell,* 10 Allen, 1, 7. *Bundy* v. *United States Trust Co. of New York,* 257 Mass. 72, 79. A will speaks from the death of the testator, and the general rule is that a limitation is void because in violation of the rule against perpetuities unless it is certain at the time of his death that the estate will vest within the period required by the rule, and if by any possibility the event upon which the estate is limited may not occur within that time, the limitation is too remote. The rule applies even if as events actually have happened the estate would have vested in time. *Brattle Square Church* v. *Grant,* 3 Gray, 142, 153. *Sears* v. *Russell, supra,* at page 98. *Sears* v. *Putnam,* 102 Mass. 5, 8.

The testator in disposing of the residue contemplated the happening of either one of two possible contingencies. The first in its legal effect provided for the vesting of the estate in January, 1922, in case his daughter were then dead. If events had so occurred that this provision for vesting was the only one to be considered, the limitation would be void because in violation of the rule against perpetuities. When the testator died there was a possibility that his daughter might give birth to a child soon after his death. She, her son living at the testator's death, and the widow might then have died soon after the testator's death. If their deaths had so occurred and the child born after the testator's death had continued to live until January, 1922, the interest of this child would not have vested within a life or lives in being at the death of the testator and twenty-one years and the period of gestation thereafter.

When the gift is of the whole estate to a class of persons answering a given description, and not separately to its members, and any member of that class may have to be ascertained at a period beyond the limit allowed by law, the whole gift is void. *Leake* v. *Robinson*, 2 Meriv. 363. *Hall* v. *Hall*, 123 Mass. 120, 124. "In such cases, the person incapable of taking may be the sole representative of the class at the time the estate is to vest, and thus it is possible, at the death of the testator, that the whole estate may vest at a period too remote." *Hills* v. *Simonds*, 125 Mass. 536, 539.

But the testator created an alternative contingency by which, in the event of the daughter continuing to live beyond the first designated date, the estate would vest in the January following her death in "her then living children and the lawful issue of any her child then deceased." Upon the happening of this wholly distinct and separate alternative event the estate would vest within a period not more than twelve months from the date of death of the testator's daughter — a limitation which, if standing alone, would not be too remote. The principle governing a case where a testator makes a gift over which would be void for remoteness if one contingency happens and would be valid if another independent alternative contingency happens, is stated by

Gray, J., in *Jackson* v. *Phillips*, 14 Allen, 539, 572, 573: "If therefore the gift over is limited upon a single event which may or may not happen within the prescribed period, it is void, and cannot be made good by the actual happening of the event within that period. But if the testator distinctly makes his gift over to depend upon what is sometimes called an alternative contingency, or upon either of two contingencies, one of which may be too remote and the other cannot be, its validity depends upon the event; or, in other words, if he gives the estate over on one contingency which must happen, if at all, within the limit of the rule, and that contingency does happen, the validity of the distinct gift over in that event will not be affected by the consideration that upon a different contingency, which might or might not happen within the lawful limit, he makes a disposition of his estate, which would be void for remoteness." *Stone* v. *Bradlee*, 183 Mass. 165, 171, 172. *Gray* v. *Whittemore*, 192 Mass. 367, 375. *Armstrong* v. *Armstrong*, 14 B. Mon. 333, 346. *Ackerman* v. *Vreeland*, 1 McCarter, 23, 25. *Fowler* v. *Depau*, 26 Barb. 224, 233. Jarman on Wills (6th ed.) page 354. *Minter* v. *Wraith*, 13 Sim. 52, 62. *Evers* v. *Challis*, 7 H. L. Cas. 531, 544. Gray, Rule Against Perpetuities (3d ed.) § 341. Lewis on Law of Perpetuity, 501. The daughter having survived the date of the void limitation, the estate vested under the valid alternative contingency in Gordon Ireland in January, 1929, approximately eleven months after the date of his mother's death.

The gift of income, at the decease of the testator's daughter, was "in equal shares to her children then living, the lawful issue of any her child then deceased taking by representation their parent's share." The apparent purpose of this clause was to make provision for the payment of income for the period between the death of the daughter and January, 1922, if she should die before that date, or, in case she should die thereafter, until the next January after her death.

The petitioner asks to be instructed as to the disposition of income accruing between the date of the death of the daughter, February 22, 1928, and January, 1929. The gift

of income was contingent until the death of the testator's daughter. No provision was made for the payment of income to any one except those who should answer the description at the death of the daughter. At that time the right would vest in any child or children of hers then living and in the issue of any child of hers then deceased. This gift was not void for remoteness, and Gordon Ireland is entitled to the income which accrued between February, 1928, and January, 1929.

Costs as between solicitor and client are to be awarded in the discretion of the Probate Court. Except in so far as the decree may be modified by fixing January, 1929, as the time for termination of the trust and by including such order for costs, it is affirmed.

*Ordered accordingly.*