LEWIS E. TIFFT & another *vs.* GORDON IRELAND.

CATHARINE R. BROWN *vs.* SAME.

CLIFFORD D. CASTLE & another *vs.* SAME.

GEORGE H. EMPSALL & another *vs.* SAME.

GEORGE W. KYBURG & another *vs.* SAME.

EMILY O. HARRIS *vs.* SAME.

CLIFFORD D. CASTLE & another, trustees, *vs.* SAME.

Hampden.    September 18, 1930. — October 6, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Trust*, Sale of real estate by trustee. *Devise and Legacy*, Contingent estate. *Probate Court*, Jurisdiction, Sale of real estate. *Res Judicata.*

This court having held, in a petition by a trustee under a will for instructions, that the interest in the trust of a grandson of the testator who was a party respondent in such proceedings was contingent until the next January after the death of his mother, a contention by such grandson that all that the trustee, under a decree of a probate court, entered before the death of the mother, granting a petition by the trustee under G. L. c. 203, § 16, for leave to sell "a right, title and interest . . . in and to certain real estate" which he held in trust, could and did sell was an estate for the life of the mother, was without merit: it was the intention of the trustee to petition for leave to sell all the interest in the land described in the petition so far as the testator had any interest therein at the time of his death.

A probate court has jurisdiction under G. L. c. 203, § 16, to entertain and to grant a petition by a trustee under a will to sell real estate included in the trust although the trustee was expressly authorized by the will to sell without a license from the court.

Although the grandson, in the circumstances above described, was, during a period previous to the petition and decree of the Probate Court granting leave to sell, first a cotrustee and later sole trustee, there was no merger of the legal and equitable estates in him subject only to his mother's life estate.

The decree of the Probate Court above described could not be attacked in proceedings later instituted in the Land Court to have registered the title of a purchaser from the trustee at a sale under that decree.

SEVEN PETITIONS, filed in the Land Court on March 5, 1929, for the registration of the title to certain land in Springfield.

The petitions were heard together in the Land Court by *Smith*, J. Material facts found and stated by the judge in his decision are stated in the opinion. He ordered decrees for the petitioners. The respondent appealed.

*G. Ireland*, pro se.

*H. P. Small*, for the petitioners.

CROSBY, J. These are petitions seeking the registration of lands. The parcels described in the petitions, before conveyance to the petitioners respectively, comprised portions of a large tract owned in part by Solomon J. Gordon and in part by his wife, Rebecca A. Gordon. It was found by the judge of the Land Court that Solomon J. Gordon died seised in fee of the major part of the locus, and of a two-thirds interest in the remaining land, the other one third being owned by said Rebecca A. Gordon.

The facts as shown by the record are as follows: Solomon J. Gordon died testate in 1891 and his will and codicil were allowed by the Probate Court for the county of Hampden the same year. He left as his sole heirs his wife, Rebecca A. Gordon, and a daughter, Jeannie Gordon Ireland. By the second paragraph of his will his widow was given "the use, income and improvement of the entire property and estate" of which he died seised or possessed, during her natural life. She died July 5, 1912. Under the third paragraph of the will upon the decease of the testator's wife the entire estate was devised and bequeathed to certain persons in trust, the net rents and income to be paid to his daughter Jeannie Gordon "by quarter yearly payments in every year during her natural life . . . and, at her decease, in equal shares to her children then living, the lawful issue of any her child then deceased taking by representation their parent's share: and in the month of January 1922, or of the first January thereafter, after the decease of said Jeannie Gordon, to convey in fee simple, transfer and pay over the same, in equal shares, to her then living children and the lawful issue of any her child then deceased, such issue taking by representation their parent's share, as tenants in common . . . ." After the probate of the will and codicil, trustees were appointed from time to time, and on July 16,

1924, the Probate Court appointed the Springfield Safe Deposit and Trust Company as such trustee and it duly qualified. The testator's daughter, Jeannie Gordon Ireland, died February 22, 1928, and at that date the respondent was her only living child and heir.

On February 18, 1925, the trustee filed in the Probate Court for Hampden County a petition for the sale of certain lands which it held in trust, namely, "a right, title and interest . . . in and to certain real estate situated on the easterly side of Maple Street in said Springfield . . . and described as follows": Then follows a description of the real estate by metes and bounds. The petition sets forth the names and residences of all persons known by the petitioner who were or might become interested therein. It is alleged in the petition that the sale of the said estate is necessary and expedient, for the reason that the property is not productive of sufficient income; that an offer of $68,000 had been made for it, which was its full value, and it was desirable that the proceeds thereof be invested and applied in the following manner: "in such securities as trustees in this Commonwealth are permitted to invest in." A citation was duly issued and a return made thereon. A decree was entered on March 24, 1925, authorizing the sale and conveyance of the property by the trustees for $68,000 or for a larger sum, it appearing that all parties interested had been notified and no person had objected, and that a guardian *ad litem* had been appointed to represent persons not ascertained or not in being who were or might become interested, and that he had assented thereto. The judge of the Land Court found and ruled that the proceedings ending with the decree were in accordance with law. By deed dated April 4, 1925, the trustee conveyed the land described in the decree to one Loomis, receiving therefor the sum of $68,000. The petitioners claim title under said deed and also under a deed from Jeannie Gordon Ireland, who, by her deed recorded April 8, 1925, conveyed to said Loomis her interest in the premises which had passed to her upon the death of her mother. The judge found that the first account of the trustee was allowed by the Probate

Court, wherein the trustee charged itself with the amount received from the sale of the real estate less $68 paid for revenue stamps applied to the deed and cancelled. It does not appear that the respondent ever objected to the allowance of this account. The final account of the trustee was allowed July 30, 1929; it therein charged itself with certain securities, purchased with the proceeds of the sale of the real estate and held by the trustee pending the termination of these petitions.

It is the contention of the respondent that, as he was the only child of Jeannie Gordon Ireland and as he survived her, under the provisions of the will and codicil his interest in the real estate was vested and not contingent and passed to him. He also contends that he was joint trustee under the will from May 16, 1914, to January 11, 1922, and from January 11, 1922, to July 16, 1924, he was sole trustee; that there was a merger of the legal and equitable estates in him subject only to his mother's life estate.

It is plain that this contention cannot be sustained. In the case of *Springfield Safe Deposit & Trust Co.* v. *Ireland*, 268 Mass. 62, 65, 66, which was a petition for instructions presented by the trustee, it was held that "The gift over . . . was by way of direction to the trustees to 'convey in fee simple, transfer and pay over' the whole estate, and one object of the trust was that the trustees should hold the full legal title and make conveyance at the date fixed after the death of the testator's daughter. The fixing of the future date for conveyance and transfer of the trust property, and the provision in substance that only those children then living or the issue of those then deceased should share in the property, indicate that the testator intended the ultimate estate to vest at the time fixed for conveyance and transfer by the trustees. By so designating the takers he has excluded children who might die before the date set for termination of the trust, and until the designated date arrives the persons to take cannot be ascertained and the interest of children of the daughter and of their issue is contingent." It thus appears that in the case at bar the question, whether the interest of the respondent in

the real estate was vested or contingent, was settled by *Springfield Safe Deposit & Trust Co.* v. *Ireland, supra.* It follows that the respondent's contention that all the trustee could sell, or the Probate Court could grant a license to sell, was an estate for the life of his mother and until the first January following is without merit. Such a construction of the terms of the will would be contrary to the express intention of the testator. The judge rightly found that it was the intention of the trustee to petition for leave to sell all the interest in the land described in the petition so far as the testator had any interest therein at the time of his death.

Although the trustee was expressly authorized by the will to sell without a license from the Probate Court, that court had jurisdiction to entertain a petition for leave to sell and to enter the decree. G. L. c. 203, § 16. *Going* v. *Emery,* 16 Pick. 107, 113. *Bremer* v. *Columbian National Life Ins. Co.* 199 Mass. 344, 350.

As the time fixed by the will for the termination of the trust did not arrive until the first January after the decease of the testator's daughter, or January, 1929, there could be no merger. The terms of the trust had not been accomplished during the time the respondent was a trustee under the will. Therefore there could be no merger of the legal and equitable estates in him. An equitable interest in the trust property remained in the respondent's mother at least until her decease on February 22, 1928. It follows that the respondent had no vested interest in either the principal or income of the estate during any time he served as trustee. Besides there could be no merger as the respondent did not have an equitable estate commensurate with the legal estate, and he had no legal estate commensurate with the equitable estate. If the legal and equitable estates should be in the same person, it will not necessarily be held to be a merger if justice and the manifest intention of the testator require that the two estates should be kept separate.

The respondent further contends that under the terms of the will the testator's daughter and children or grand-

children may, after the widow's death, occupy and enjoy "the entire homestead estate on . . . Maple Street," and that the Probate Court had no authority to authorize its sale. It is found by the judge of the Land Court that when the petition to sell was pending in the Probate Court, no such claim was made by any party in interest; nor does it appear in the answers filed in these cases. The decree of the Probate Court cannot be attacked or its validity questioned in these proceedings, and the judge of the Land Court in substance so ruled.

It is to be observed in this connection that neither the decree authorizing the sale nor the petition of the trustee to sell included the sale of the entire homestead. The petition did not include thirty-eight thousand, six hundred sixty-two square feet of land located on Maple Street with the old mansion house thereon and adjoining the land described in these petitions.

The trustee, in using the printed form of petition to the Probate Court prescribed by law for authority to sell the land, struck out the words, "certain" and "estate, to wit," so that the petition as amended read "it holds as such trustee a right, title and interest in and to," the remainder of the petition describing the property and the reason for its sale. The respondent argues from this that the trustee could and did sell only the interest of the life tenant, Jeannie Gordon Ireland, which terminated in January, 1929. This contention cannot be sustained as it is obvious the petition was intended to ask for leave to sell the entire interest which the testator owned in the land described.

The petition for the sale of the real estate was brought for the purpose of changing the investment of the trust estate, and was authorized by G. L. c. 203, § 16. All parties in interest were represented before the court. It is plain that it was the intention of the trustee to sell and convey every interest which the testator had in his lifetime in the premises described in the petition. See *Taft* v. *Decker*, 182 Mass. 106, 109.

The judge of the Land Court found that the petitioners

have good title to the lands sought to be registered, and ordered decrees to be entered accordingly.

As we find no error of law in the proceedings in the Land Court, the entry must be

*Decision affirmed.*