106 A.2d 771 (1953)
STUART
v.
STUART et al.
Court of Chancery of Delaware, New Castle.
April 22, 1953.
William Prickett, of Wilmington, for plaintiff.
No appearance for defendants.
*772 BRAMHALL, Vice-Chancellor.
Under subsections (1) and (2) of item Third (b) of the last will and testament of Robert D. Stuart, he directed that a trust be set up for the benefit of his son, Joseph Stuart, 2d, for life. The trustee was directed to invest the principal and to accumulate the net income until the life tenant should reach the age of 55, at which time the net income from the trust was made payable to the life tenant for life. The trustee was further authorized to expend such portion of the principal as might be necessary to provide for any serious illness or accident to the life tenant. Under subsections (3) and (4) of the same item testator provided that upon the death of the life tenant the net income should be accumulated and added to the principal until the children of the life tenant should reach the age of 50 years, at which time each child should receive an equal share of the principal and the accumulated income, provided he was not an habitual user of tobacco or intoxicants, and did not engage in gambling.
At the time of the decedent's death, Joseph Stuart, 2d, was 61 years of age and was then entitled to receive the net income from the trust estate. The only sons of Joseph Stuart, 2d, then and now, are Joseph Stuart, III, and Alfred I. Stuart. Another son, James B. Stuart, plaintiff, survived the testator. Testator's wife predeceased him.
The questions raised in the complaint for instructions which this court is requested to determine are:
(1) Did the testator die intestate as to the remainder after the death of the original life tenant?;
(2) Should this court find that the gift of the remainder failed and that as to the remainder the testator died intestate, should the trust be terminated?;
(3) If this court should determine that the testator died intestate as to the remainder and that the trust for the life benefit of Joseph Stuart, 2d, should be terminated, should the trustee be directed to distribute the entire trust estate in equal shares to the two sons of testator?
1. The question raised under the first point for instructions is whether or not the provision in the will to the effect that upon the death of the first life tenant "the net income from this trust fund shall again be allowed to accumulate and to be added to the principal from time to time and invested and reinvested until such time as the children of my son, Joseph Stuart, 2d, each attain the age of 50 years and as and when each one becomes 50 years of age, the then principal of this trust shall be divided into as many equal shares as there are children of my said son, who have not received his or her share of this trust fund" violates the rule against perpetuities.
The language of the will is clear; it is incapable of two constructions. The rule against perpetuities is a rule against postponing the vesting of assets beyond the period prescribed in the rule, namely, 21 years, plus the period of gestation, after a life in being. In determining whether or not this rule applies to any given case, each provision in the will must be construed as if the rule did not exist and then to the provision *773 as so construed the rule must be remorselessly applied. Taylor v. Crosson, 11 Del.Ch. 145, 98 A. 375.
The gift is to a class, without reference to any life or lives in being. The children of the life tenant would not necessarily be born within the period prescribed by the rule after a life in being. It is not sufficient to say that the future interests may vest within the period prescribed by the rule; it must necessarily so vest. Taylor v. Crosson, supra. Neither can it be said that those children who are in existence at the death of the testator are to be the beneficiaries and that later born children do not benefit thereby for under the will of testator the class is not determined until after the death of the life tenant. If the gift is bad as to the class, even though some of the class are within the rule or even though, as it may later develop, all of the class may be within the rule, the gift is still bad. Taylor v. Crosson, supra.
Testator provided that after the death of the original life tenant the children of the life tenant upon reaching the age of 50 years should each receive his or her share of the remainder of testator's estate. Since this constitutes a gift to a class, under the rule against perpetuities as construed by the decisions in this state, it is clearly possible that one or more members of the class would not come within the rule. The provision is therefore bad not only as to those children who may not come within the rule, but as to all the members of the class. Taylor v. Crosson, supra.
I conclude that subsections (3) and (4) of item Third (b) of the last will and testament of testator is void as violating the rule against perpetuities.
2. Having determined that the gift in remainder is void, I must next consider whether or not the trust created by subsections (1) and (2) of item Third (b) of the will should be terminated.
Under the above named sections of his will, testator left his estate in trust with the provision that the trustee should accumulate the income therefrom until his son Joseph Stuart, 2d, should reach the age of 55 years, at which time the net income from the principal and accumulated income should be paid to the son. Since the son was over 55 years of age at the time of testator's death, the provision for the accumulation of income did not take effect. Testator further provided that upon the death of the son the income should again be accumulated until the children of the first life tenant should reach the age of 50 years, when each child should receive his or her proportionate share of the principal and accumulated income absolutely. I have held the provision as to the remainder to be void as violating the rule against perpetuities. In order to determine whether or not the trust should continue in full force and effect, it is necessary that I consider the effect of my ruling upon the remainder.
Since the remainder set up under the trust is void as violating the rule against perpetuities and since there is no other provision in the will relative to that portion of testator's estate, the remainder must be considered as intestate property, relating back to the heirs-at-law of testator. These heirs-at-law would be his two sons, James B. Stuart, the plaintiff in this case, and Joseph Stuart, 2d, one of the defendants, who would each inherit an equal share. Equitable Trust Company v. Snader, 17 Del.Ch. 203, 151 A. 712. The life tenant would therefore receive only one-half of the remainder in fee, whereas the life estate which he would receive would cover the whole of the trust estate.
I now come to the consideration of the fact that Joseph Stuart, 2d, the life tenant, now becomes the owner of one-half of the remainder in fee. Does one-half of his life estate merge with one-half of the remainder which he owns absolutely?
As stated in the case of Crumlish v. Delaware Trust Co., 29 Del.Ch. 503, 46 A.2d 888, 169 A.L.R. 451, there are two divergent views: one view followed by a line of English and Canadian cases, stemming from Saunders v. Vautier, 4 Beav. 115, *774 49 Eng.Reprint 282, affirmed Cr. & Ph. 240, 41 Eng.Reprint 482, in which it was held that where a legacy was vested, although the enjoyment was postponed, it may be ordered to be paid to the beneficiary when he is or becomes sui juris; the other, of which the case of Claflin v. Claflin, 149 Mass. 19, 20 N.E. 454, 3 L.R.A. 370, is the leading case, holding that even though the right be vested, the enjoyment may be postponed in accordance with the plain intent of the creator of the trust, unless it contravenes some positive rule of law or is against public policy. The courts of this state, as well as the courts of most of the states in this country, have adopted the rule laid down in the Claflin case. Crumlish v. Delaware Trust Co., supra; Lewes Trust Company v. Smith, 28 Del.Ch. 64, 37 A.2d 385.
The language of the will is not clear as to whether the purpose of the testator was to protect the corpus of the estate for the life tenant, as would be the case in a spendthrift trust, or to protect the estate for the benefit of those who would receive the remainder. It is true that testator provided for the accumulation of income until the life tenant should reach the age of 55 years. Since the life tenant was older than that age at the time of testator's death, that provision did not become operative. It is also true that testator provided for the accumulation of income after the death of the life tenant until the children of the life tenant should reach the age of 50 years, at which time each child would receive his proportionate share of the remainder together with the accumulated income in fee. In the Claflin case, the distribution of the estate was deferred during the life of the residuary legatee. In the present case, it is significant that the enjoyment of the benefit to which the life tenant is entitled, is postponed beyond the life of the life tenant. Following the decision in the Crumlish case and the law laid down by this court in the case of Equitable Trust Company v. Snader, supra, I am of the opinion that the paramount purpose of the testator in creating the trust was to protect the corpus of the trust for the benefit of the remainder. That remainder I have declared void as violating the rule against perpetuities.
Many courts have held that in order for a merger to take place the life estate and the remainder must be coextensive and commensurate, that is, there must be the same estate both in law and in equity. Wilson v. Linder, 21 Idaho 576, 121 P. 487, 42 L.R.A.,N.S., 242; Hunt v. Hunt, 14 Pick., Mass., 374, 25 Am.Dec. 400; Bowlin v. Rhode Island Hospital Trust Company, 31 R.I. 289, 76 A. 348; Hilmes v. Moon, 168 Wash. 222, 11 P.2d 253, 93 A.L.R 1; Blades v. Norfolk Southern R. Co., 224 N.C. 32, 29 S.E.2d 148, 151 A.L.R. 1278; Johnson v. Johnson, 7 Allen, Mass., 196, 197, 83 Am. Dec. 676.
This question has been determined by this court in the case of Davis v. Goodman, 17 Del.Ch. 231, 152 A. 115. In that case testator had a life interest, by way of trust, and an absolute vested right in remainder in a two-fifths interest therein. This court held that the beneficial interest in two-fifths merged with the absolute interest in the remainder and that the trust to that extent was determined. See also the two opinions of the late Chancellor Wolcott in the case of Equitable Trust Co. v. Snader, supra, and Equitable Trust Co. v. Snader, 17 Del.Ch. 308, 154 A. 15.
In the present case Joseph Stuart, 2d, has a life interest in the whole of the trust estate and a one-half interest in the remainder. Based upon the decision of this court in the Goodman case, it follows that one-half of the life estate held in trust for Joseph Stuart, 2d, merges with the one-half of the remainder which he owns absolutely. James B. Stuart, under the intestate laws of this state, would receive the other half of this remainder upon the death of Joseph Stuart, 2d, when the trust for this half would terminate.
An order will be signed, on notice, in accordance with this opinion.