MADELINE BLACK LAYTON,

*vs.*

LEWIS S. BLACK, surviving Trustee under the Last Will and Testament of GEORGE BLACK, and JANE BLACK, GEORGE A. BLACK, and WILLIAM DAVID BLACK.

*New Castle, August 8, 1953.*

*John J. DeLuca* and *Joseph A. Julian, Jr.,* Wilmington, for plaintiff.

*Robert C. Barab* and *Joseph A. L. Errigo,* Wilmington, for defendants.

BRAMHALL, Vice Chancellor: The testator, George Black, late of Brandywine Hundred, New Castle County, died on August 28, 1942, leaving a last will and testament in which he left his residuary estate in trust, directing his trustees to pay to his daughter, Madeline Black Layton, the income from one-half of his estate. He further provided therein that if his said daughter should die leaving issue, such issue should receive the income therefrom until the youngest of said issue should attain the age of twenty-five years, at which time the principal, together with any unpaid accumulated income, should be paid to said issue of his said daughter, discharged from the trust. Testator further provided that if his said daughter should die without leaving issue, then, in that event, the same share of net income from his estate which his said daughter would have received should be paid to the grandchildren of testator, George A. Black and William David Black, in equal shares, until the youngest should attain the age of

twenty-five years, at which time the principal, together with any unpaid accumulated income, should be paid to said grandchildren in equal shares, discharged from the trust.

Testator further directed his trustees to pay the remaining one-half of the net income from his estate to his sister Jane Black, for and during the term of her natural life. Testator directed that upon the death of his said sister the same share of net income should be paid to his two grandchildren, George A. Black and William David Black, in equal shares, until such time as the youngest of said two grandchildren should attain the age of twenty-five years, at which time one-half of the principal of his estate, together with unpaid accumulated income, should be paid over to the said two grandchildren in equal shares, discharged of all trust.

Plaintiff contends that the trust created under the will of testator creates a future interest which might not vest within the period of lives in being and twenty-one years thereafter and is therefore void in its entirety. Defendants say that these provisions in testator's will are not too remote and therefore void as violating the rule against perpetuities. They further contend that should this court determine any one of the provisions under this trust to be invalid, such invalidity would not affect any other provisions of said trust which would be otherwise valid.

I must consider: (1) whether or not any portion of the trust created by testator is void for remoteness and if so, (2) whether or not such remoteness affects the validity of the whole trust.

As to the life estates to Madeline Black Layton and Jane Black, the law is clear in this state and elsewhere that they are valid life estates. The beneficiaries were in being at the time of testator's death. Their interests vested immediately. The gifts are not class gifts. There is no qualification or contingency affecting them. There can therefore be no objection to them that they are void for remoteness. They are not affected by the fact that any remainder or remainders over might be bad for remoteness or any other reason. *Equitable Trust Co. v. Snader,* 17 *Del.Ch.* 203, 151 *A.* 712; *Wilmington Trust Co. v. Wilmington Trust Co.,* 21 *Del.Ch.* 102, 180 *A.* 597;

*Security Trust Co. v. Cooling,* 28 *Del.Ch.* 303, 314, 42 *A.2d* 784. See *Gray, The Rule Against Perpetuities,* (*4th Ed.*) *Sec.* 252, *p. 276.*

As to the provision relative to the children of Madeline Black Layton, the will of testator provides that, if she should die leaving issue, such issue should take the same share of net income as Madeline Black Layton would have received until such time as the youngest shall attain the age of twenty-five years. This provision is void for remoteness. While it may be true that Madeline Black Layton's children, if she should have children, might all be born within the period prescribed by the rule against perpetuities, namely life and lives in being and twenty-one years thereafter, this is not enough. Such a bequest is void, even as to competent takers, where it might possibly not have vested within such time. *Taylor v. Crosson,* 11 *Del.Ch.* 145, 98 *A.* 375; *Equitable Trust Co. v. Snader, supra.*

As stated in many cases in this and other states, the rule against perpetuities is a peremptory command of law and not a rule of construction, its object being to defeat and not to carry out the intention of the testator. In applying this rule to any case each provision of the will must be construed as if the rule did not exist and then to the provisions so construed the rule is to be remorselessly applied. *Taylor v. Crosson, supra; Equitable Trust Co. v. Snader, supra; Gray, The Rule Against Perpetuities,* (*4th Ed.*), *Sections* 629 *and* 630, *p.* 599. Under the provisions of testator's trust any children of Madeline Black Layton which may be born during the term of her whole life would receive one-half of the income from testator's estate until the youngest child should reach the age of twenty-five years. Applying the rule to this provision it is clear that one or more of the children of Madeline Black Layton, if she should have children, might not take within the period prescribed by the rule. This provision of the will is therefore void.

Plaintiff contends that since the bequest to the issue of Madeline Black Layton is void for remoteness, the remainder over to the grandchildren of testator, George A. Black and William David Black, is also void. I do not agree, for the reason that testator made an alternative bequest relative to the income from the one-half of his

estate which he directed his trustees to pay to Madeline Black Layton for life. In the succeeding paragraph of his will testator provided that in the event his daughter, Madeline Black Layton, should die without issue, the grandchildren, George A. Black and William David Black, should receive the net income from one-half of the estate until the youngest should reach the age of twenty-five years, at which time the net income and accumulated interest would be paid in full and the trust terminated. The final limitation to the grandchildren therefore depends on one of two contingencies: (1) the death of Madeline Black Layton leaving issue until such time as the youngest of such issue should attain the age of twenty-five years; (2) the death of Madeline Black Layton without issue. The first may not occur within the twenty-one year period after her death and is therefore void as violating the rule against perpetuities. The death of Madeline Black Layton without leaving issue, if it should occur at all, would occur within the period prescribed by the rule against perpetuities. If the latter should occur, then the grandchildren, George A. Black and William David Black, would take the remainder within the period prescribed by the rule against perpetuities.

Where testator distinctly makes his gift over to depend upon what is sometimes called an alternative contingency, or upon either of two contingencies, one of which may be too remote, and the other cannot be, its validity depends upon the event. *Springfield Safe Deposit & Trust Co. v. Ireland,* 268 *Mass.* 62, 167 *N.E.* 261, 64 *A.L.R.* 1071; *Perkins v. Fisher,* (4 *Cir.*) 59 *F.* 801; *Moroney v. Haas,* 277 *Ill.* 467, 115 *N.E.* 648; *Quinlan v. Wickman,* 233 *Ill.* 39, 84 *N.E.* 38, 17 *L.R.A. (N.S.)* 216. If it should develop that Madeline Black Layton should die leaving issue, the remainder to the grandchildren would fail because of remoteness. If, on the contrary, she should die without leaving issue, then the remainder to the grandchildren would be good, since they are now in being and since this is not a gift to a class. Madeline Black Layton is still living. It has not as yet been determined in whom the remainder will finally vest. Plaintiff's complaint, as far as it concerns the remainder of one-half of the estate of testator in which he directed his trustee to pay the

income therefrom to his daughter, Madeline Black Layton, is premature.

Plaintiff has invoked the doctrine of excessive duration of private trust, asserting that by reason thereof the whole trust is void. Since I have determined that the duration of this trust is within the period of the rule against perpetuities, this question need not be here decided.

I have already determined that the life estate of Jane Black in one-half of the income from testator's estate is valid. It necessarily follows that the remainder over to the same grandchildren to whom testator gave the other half of his estate, namely, George A. Black and William David Black, is also valid.

An order will be entered, on notice, in accordance with this opinion.