GEORGE B. TEMPLE *et al.*

*v.*

CHARLES F. SCOTT *et al.*

*Filed at Ottawa October 31, 1892.*

1. R̲EMAINDER—*whether a vested or contingent interest.* Where land is conveyed to A in trust, to receive and pay the rents and profits thereof to B, to her sole and separate use, as her separate estate, independent of the control of her husband, during her natural life, and after her death then to transfer and convey the same to the children of B, if any should survive, the children of B will not take a vested interest in the land, but a contingent interest, depending upon their survivorship.

2. S̲AME—*contingent or executory, defined.* Contingent or executory remainders are when the estate in remainder is limited to take effect

either to a dubious person or upon a dubious and uncertain event. Such a remainder is limited so as to depend on an event or condition which is dubious and uncertain, and may never happen or be performed, or will not until after the termination of the particular estate. It is not the uncertainty of enjoyment *in futuro,* but the uncertainty of the right of that enjoyment, which makes the difference between a vested and contingent remainder.

3. An interest in land may be contingent, because limited to a person not *in esse,* as, a child before it is born. In such case the interest can not vest till such child is born, or because the person, though born, is not ascertained, as, the survivor of several persons, or the heirs of a person who is living, or a class of persons who shall attain twenty-one years of age, or the like.

4. Where land is conveyed to a trustee, in trust for a married woman, for her life, with remainder to her children who may survive her, and she has two children living at the time of the execution of the deed, one of whom dies and two others are afterward born, her children will take in her lifetime only a contingent interest.

5. PARTIES—*in chancery—holders of contingent remainder not necessary parties.* On creditor's bill to set aside a deed of land to a trustee in trust, to collect and pay rents to a married woman during her life, and at her death to convey to the children she might leave surviving, on the ground that such deed is in fraud of creditors of the grantor, the children of such married woman are not necessary parties. In such case the trustee represents the contingent interest of the children, and a decree setting aside the deed of trust is binding on them, the same as if made parties.

APPEAL from the Circuit Court of Marshall county; the Hon. THOMAS M. SHAW, Judge, presiding.

Messrs. BARNES & BARNES, for the appellants:

The deed to the trustee gave a vested interest to the children of Lucy W. Temple then living. *Smith* v. *West,* 103 Ill. 332; *Scofield* v. *Olcott,* 120 id. 662; *Railsback* v. *Lovejoy,* 116 id. 442; *Howley* v. *James,* 5 Paige, 466; 2 Cruise, *239; *Bowen* v. *Chase,* 94 U. S. 812; *McArthur* v. *Scott,* 113 id. 340; *Doe* v. *Considine,* 6 Wall. 458; *Byrnes* v. *Stilwell,* 103 N. Y. 453; *Macomb* v. *Miller,* 9 Paige, 265; *Cheney* v. *Teese,* 108 Ill. 473; *Weston* v. *Weston,* 125 Mass. 268; *Blanchard* v. *Blanchard,* 1 Allen, 223; *Lehndorf* v. *Cope,* 122 Ill. 317; *Moore* v.

*Lyons,* 25 Wend. 119; *Green* v. *Hewitt,* 97 Ill. 113; *Ackerman* v. *Gorton,* 67 N. Y. 63; *Female Academy* v. *Sullivan,* 116 Ill. 375; *Voris* v. *Sloan,* 68 id. 588; *Nicoll* v. *Scott,* 99 id. 529; *Brown* v. *Lawrence,* 3 Cush. 397.

An estate or remainder is not contingent because the enjoyment is uncertain. If the right is fixed, the fact that death may intervene to cut off the enjoyment does not make it contingent. *Doe* v. *Moore,* 14 East, 601; *Smither* v. *Willock,* 9 Ves. 233; *Doe* v. *Nowell,* 1 M. & S. 327; *Bromfield* v. *Crowder,* 1 New, 313; *Ray* v. *Enslin,* 2 Mass. 554; *Blanchard* v. *Blanchard,* 1 Allen, 223; *Doe* v. *Considine,* 6 Wall. 458; *Ruffin* v. *Farmer,* 72 Ill. 615; *Scofield* v. *Olcott,* 120 id. 362.

The trust deed to Henry L. Temple gave his children of Lucy W. Temple a vested interest, and such interest did not depend on the deed from the trustee to the children, directed to be made on the death of Lucy.

The deed to the children was necessary only to make that a legal estate in them which, under the trust deed, they held as an equitable estate, which the trust deed gave them. *Doe* v. *Considine,* 6 Wall. 469; *Scofield* v. *Olcott,* 120 Ill. 362; *Weston* v. *Weston,* 125 Mass. 271.

The living complainants, Robert and Lucy, should have been made parties to the bill to set the deed aside. In litigation affecting trust property the *cestui que trust* is an indispensable party. Story's Eq. Pl. sec. 207; 1 Daniell's Ch. Pr. 250-252; *Helen* v. *Hardin,* 2 B. Mon. 232; *Scanlan* v. *Cobb,* 85 Ill. 300; *Atkins* v. *Billings,* 72 id. 597; *Brown* v. *Riggin,* 94 id. 560; *Moore* v. *Munn,* 69 id. 591.

Mr. John Burns, for the appellees:

The parties to the decrees have never questioned their validity. An attempt by persons not parties to attack them is not allowable. *Wimberly* v. *Hurst,* 35 Ill. 166; *Werner* v. *Henitz,* 17 id. 259; *Chestnut* v. *Marsh,* 12 id. 173; *Hobson* v. *Evans,* 62 id. 146.

The trustee was the proper party to the chancery suit. 2 Perry on Trusts, chap. 29, sec. 874.

The life estate being avoided, the contingent remainder can not be maintained. 2 Washburn on Real Prop. (3d ed.) 544, chap. 4.

There is no vested remainder which gives the control to the pretended remainder-man. It is a mere contingency. 2 Washburn, chap. 4.

Mr. CHARLES F. SCOTT, Mr. WILLIAM RAMSEY, and Mr. SAMUEL BUCK, also for the appellees :

The acts required of the trustee were sufficient to vest in him the fee simple title. Hill on Trustees, 329 ; *Kirkland* v. *Cox,* 94 Ill. 413 ; *Potter* v. *Couch,* 141 U. S. 309 ; *West* v. *Fitz,* 109 Ill. 425 ; *Bennett* v. *Garlock,* 79 N. Y. 314.

Complainant took only a future contingent interest. *Blatchford* v. *Newberry,* 99 Ill. 46 ; 2 Blackstone, 169 ; 2 Washburn on Real Prop. *229, 237 ; 1 Preston on Estates, 77 ; 2 Greenleaf's Cruise, 243 ; 2 Crabb on Real Prop. sec. 2330, p. 637 ; *Cheney* v. *Teese,* 108 Ill. 473 ; *Peoria* v. *Darst,* 101 id. 609 ; *McCartney* v. *Osburn,* 118 id. 432 ; *Kingman* v. *Harmon,* 131 id. 171 ; Tiedeman on Real Prop. sec. 402 ; *Bates* v. *Gillette,* 132 Ill. 278 ; *Mellett* v. *Karl,* 133 id. 65 ;. *Thompson* v. *Laddington,* 104 Mass. 193 ; *Faber* v. *Police,* 10 S. C. 376 ; *Ex parte Mille,* 90 N. C. 625.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by George B. Temple and others, the surviving children of Lucy W. Temple, deceased, against Rebecca Thomas and others, to require Rebecca Thomas, heir-at-law of Henry L. Temple, to convey to complainants the legal title to certain lands in Marshall county, which are described in the bill. The complainants also pray that their title to the lands may be quieted and decreed paramount, and for general relief. The defendants, except Rebecca

Thomas, put in answers to the bill, and upon a hearing, on the pleadings and evidence, the court entered a decree dismissing the bill for want of equity.

There is no substantial dispute between the parties in regard to the facts. On the 21st day of October, 1839, Peter Temple was the owner in fee of the premises in controversy. On the date last named he and Lucy W. Temple, his wife, executed a deed conveying the premises to a brother, James H. Temple. On the 30th day of March, 1841, James H. Temple and wife executed a deed in trust to Henry L. Temple, the *habendum* of said deed being as follows: "To have and to hold the above granted and bargained premises to him, the said Henry L. Temple, upon trust and confidence, to receive and pay the rents and profits to Lucy W. Temple, wife of Peter Temple, of the county of Marshall and State aforesaid, to her sole and separate use, as her separate estate, independent of the control of her husband, during her natural life, and after the death of the said Lucy W. Temple then to transfer and convey the said premises to the children of the said Lucy W. Temple, if any shall survive." Lucy Temple, at the time of the execution of this deed, had two children living, one of whom died before the mother, and the other surviving is one of the complainants. Lucy W. Temple died in the month of May, 1890, leaving complainants, her children, surviving her. Henry L. Temple, the trustee, died in 1866, intestate, leaving him surviving Rebecca Thomas, his only heir-at-law.

In 1844 a bill was filed in the circuit court of Marshall county, by Edward S. Warren and William Spangler, against Peter Temple, Lucy W. Temple, James H. Temple and Henry L. Temple, charging that the deeds above mentioned, from Peter Temple to James H. Temple, and from James H. Temple to Henry L. Temple, in trust, were made to hinder and delay creditors, and were without consideration, and fraudulent and void. On this question the master finds, that at the

October term, 1844, of the circuit court of Marshall county, in the suit above mentioned, it was ordered, adjudged and decreed by the court, that the deeds, viz., the deed from Peter Temple and Lucy Temple to James H. Temple, dated October 21, 1839, and the deed from James H. Temple and wife to Henry L. Temple, dated March 30, 1841, be canceled, rescinded and forever declared to be null and void, and held for naught. Of the complainants two were born at the time of entering this decree, viz., Robert C. Temple and Lucy W. Temple, but were not made parties to this suit.

The defendants (appellees) set up in their answers their chain of title; alleged that the deed of trust vested no interest, at the time of its delivery, in the children of Lucy W. Temple, and that the deeds had been set aside by this decree in 1844; that therefore the complainants, having no interest in the premises, yet vested at the time of the entering of the decree, were not necessary parties; that they were bound by the decree against the trustees, and therefore had no interest now in the premises. They also set up as a defense that they had been in possession of the premises for more than seven years under color of title and paid the taxes, and therefore the estate of the trustee was barred, and also their interest in remainder, and also set up twenty years adverse possession as a bar.

It is insisted by counsel for appellants, that under the deed of trust from James H. Temple and wife to Henry L. Temple the children of Lucy W. Temple took a vested interest in the lands in controversy, and as they were not made parties to the bill in equity in the circuit court in Marshall county in 1844, wherein the deed from Peter Temple to James H. Temple and the deed of trust from James H. Temple to Henry L. Temple were set aside as fraudulent and void, the decree was not binding on them, and did not affect their rights in the property. We think it manifest from the language of the deed of trust, that Henry L. Temple, the trustee, took the

.legal estate in and to the premises conveyed. By the terms of the deed the lands therein described are conveyed to Henry L. Temple, and he is to hold the lands, receive the rents, and pay the same to Lucy W. Temple during her natural life, and after her death then convey the lands to her children, if any shall survive her. This provision requiring the trustee to convey shows the intention to vest the title in the trustee, otherwise he would not be required to convey. Indeed, the bill is framed on the theory that the legal estate was vested in the trustee, and upon his death it passed, by descent, to Rebecca Thomas, his heir.

At the time the deed of trust was executed and delivered to the trustee, Lucy W. Temple had two children. Subsequently, and before the death of the mother, one of them died. All of the other complainants, children of Lucy W. Temple, were born after the delivery of the trust deed, and after the decree rendered in Marshall county setting aside the trust deed. Did the children of Lucy W. Temple, under the terms of the deed of trust, take a vested interest in the property described in that instrument?

While in the text books and the decisions of different States may be found numerous definitions and illustrations of vested and contingent remainders, which, in the main, are harmonious, yet it is often difficult to determine whether the facts in a given case will fall within the rules of law which control the one or the other. In this case, however, we are inclined to the opinion that a brief reference to the law on the subject, in connection with the facts, will relieve the case of all doubt.

Blackstone (vol. 2, p. 169,) says: "Contingent or executory remainders are where the estate in remainder is limited to take effect either to a dubious or uncertain person, or upon a dubious and uncertain event."

Kent (vol. 4, p. 205,) says: "A contingent remainder is limited so as to depend on an event or condition which is dubious and uncertain, and may never happen or be performed,

or not until after the determination of the particular estate. It is not the uncertainty of enjoyment in future, but the uncertainty of the right to that enjoyment, which makes the difference between a vested and contingent interest."

"Upon a devise to A for life, remainder to the surviving children of J. S., it is obvious that, in terms, it is equivocal whether the surviving relates to the death of the testator or of A. If to the latter, the remainder must be a contingent one, since no one can tell who will be such survivors until the death of A." 2 Washburn, *229.

Preston says: "An interest may also be contingent, first, because it is limited to a person not *in esse*, as, a child before it is born, and in that case the interest can not vest till the person to whom it is limited shall be born; or second, because the person, though born, is not ascertained, as, the survivor of several persons, or the heirs of a person who is living, or a class of persons who shall attain twenty-one, or the like." 1 Preston on Estates, 77.

In *Matter of Ryder*, 11 Paige, 185, where the rents and income of certain real and personal property were devised to a *feme covert* for life, with remainder to her surviving children, and to the issue of such as should have died leaving issue at the time of her death, it was held that a court of chancery could not, during her life, apply any of the estate to the support of her minor children; that their interest in the estate was contingent, and liable to be diverted in favor of other persons in case of their dying during the lifetime of their mother.

In *Cheney* v. *Teese*, 108 Ill. 482, the construction of a clause in a will was involved, in which the testator had devised certain lands to two daughters for life, with remainder to grandchildren, and the question arose whether the grandchildren took a vested or contingent interest under the language of the will. It is there said: "The weight of authority seems to be, that where an estate is granted to a class of persons de-

scribed as survivors, such estate does not usually vest until the time designated for the beginning of the enjoyment of the estate by that class of persons, and the word 'survivor' or 'survivors' has, in such case, reference to that period."

*McCartney* v. *Osburn,* 118 Ill. 421, is a case in point. In passing on a devise in a will it is said: "The general rule is, that where there is a simple gift to a class, to be paid at a fixed time, or upon an event or contingency which may happen after the death of the testator, and nothing appears to show a contrary intention, the gift will vest in interest at the testator's death, and the time of distribution only will be deferred. If, however; the element of futurity is annexed to the gift itself, and is not merely indicative of the time of payment, or if the time of payment is made descriptive of the class that is to take, the gift will not vest in interest till the time so fixed for payment or distribution has arrived." It is further said: "The devise, as we construe it, is an original, absolute gift, at a particular time, to such of the children of Mrs. Osburn as shall be living at the designated time. By the terms of the limitation the element of futurity is clearly annexed to the gift itself, and is descriptive of those who are to take."

*Kingman* v. *Harmon,* 131 Ill. 171, is another case where the same doctrine is announced. See, also, *Scofield* v. *Olcott,* 120 Ill. 371.

In *Leving* v. *Eliot,* 16 Gray, 574, a trust was created for the use of the settler during life, with a provision that upon her death the trustee should convey to her children, if she should leave any. Under the language of the instrument it was held that the children took a contingent remainder. See, also, *Bailey* v. *Hoppin,* 12 R. I. 560, and *Smith* v. *Rice,* 130 Mass. 441.

Other cases of a similar import might be cited, but a reference to other authorities is not required. We think it is plain that the interest which the children of Lucy W. Temple took under the deed was a contingent one. The death of Lucy W.

Temple would terminate the particular estate carved out, but her death was not the event which was to give effect to the estate in remainder. But the right of the children depended on the event that they survived the mother. Survivorship, and that alone, would give effect to the remainder. If no child survived, no right to the property accrued to a child,— in other words, the children of Lucy W. Temple were entitled to take, under the deed of trust on condition that they survived her. It is true that Lucy W. Temple had two children when the deed was executed, but whether they would in the end take an interest in the property could not be known until her death, as it could not be known whether they would survive her or not, until she died. Whether the children would ever take depended on an event or condition which was uncertain and might never happen, and this is what is termed in Kent's *Commentaries* a contingent remainder. If, therefore, the legal estate was in the trustee, and the children of Lucy W. Temple possessed only a future contingent interest when the decree of the circuit court of Marshall county was rendered, in 1844, they were not necessary parties to that proceeding, and as the decree set aside the deed which purported to convey the lands to the trustee, and declared it null and void, no title remains in the trustee or his heirs which the complainants can assert in this or any other proceeding.

That the children of Lucy W. Temple were not necessary parties to the proceeding to set aside the trust deed, is fully established by the rule laid down in *American Bible Society* v. *Price,* 115 Ill. 644. In that case the owner of a large estate devised $2000 to his executors in trust, to be invested, and pay his daughter the interest during her life, and after her death to pay such interest to her child or children until they became of age, and at their majority to pay them the principal sum. If the daughter should die leaving no issue, the principal was to be added to his other estate, which was devised to two religious societies. The daughter filed her bill to

contest the validity of the will, and it was held that the child of the daughter was not a necessary party. In disposing of the question it was said: "Until the death of the contestant it can not be known with absolute certainty who, if any, shall be her surviving child or children. Ida Price, we concede, has a contingent future interest in the devise, but no present interest. The title is in the trustees, and the duty is imposed upon them to protect and preserve this interest for whomsoever shall be ultimately entitled to it. They are parties to the suit, and they stand for, and represent in this litigation, the ownership ultimately entitled to this fund, and such ownership is bound by their representation."

What was said in that case applies here. The trustee, who held the legal title to the property, was made a party to the proceeding to set aside the deed in the circuit court of Marshall county, in 1844. He represented in that litigation whoever ultimately would be entitled to the property embraced in the deed of trust upon the death of Lucy W. Temple, and those claiming now are bound by such representation, and the decree is as binding and conclusive upon them as it would have been had they been made parties to the litigation. See, also, *Bennett* v. *Garlock,* 79 N. Y. 314, and *Townshend* v. *Frommer,* 125 N. Y. 446.

The Statute of Limitations was also set up and relied upon as a defense to the action, but as the case has been disposed of on other grounds it will not be necessary to consider that branch of the case.

The decree of the circuit court will be affirmed.

*Decree affirmed.*