RHODE ISLAND HOSPITAL TRUST CO., TR. *vs.* LUCY M. SHAW *et al.*

MARCH 15, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J.    This is a bill in equity brought by the complainant, substituted trustee of a trust created by the will of Parley M. Mathewson, deceased, late of North Kingstown.    The bill, in effect, prays for a construction of the terms of said trust and for instructions relative thereto. In the Superior Court the cause being ready for hearing for final decree was certified to this court for determination.

The will was executed on January 2, 1890.    The testator died on the following day.    The will was duly probated on February 10, 1890.    By said will the testator after certain devises and bequests gave one third of the residue of his estate to Frederick W. Arnold in trust.    Frederick W. Arnold assumed the trust and administered it until he resigned March 14, 1919.    The complainant trust company was appointed in his stead and has since administered the trust.

By the terms of the trust, which are essential to the matter before us, the trustee was directed "to expend from the income of said trust estate, from time to time, such sums as said trustee shall think fit for the benefit of my son Charles S. Mathewson or his family, said trustee to have absolute discretion in regard to expending or withholding such payments during the lifetime of my said son, Charles S. Mathewson."    The testator's direction to the trustee, ·as to the distribution of the trust estate upon the termination of the trust, was as follows: "finally at the decease of my said son Charles S. Mathewson to pay over, transfer and convey the whole of said trust fund and estate with its accumulations to the children of my said son in equal shares *per stirpes*, free and clear of all trusts hereby created." At the time of the execution of the will and of the death of the testator, his son Charles S. Mathewson had four children, Eva, Ida, Lucy and Maud, the eldest being then twenty-two years old and the youngest seventeen years old.    No other children were afterwards born to Charles S. Mathewson. Charles S. Mathewson died on August 2, 1926.

Of said daughters of Charles, Eva married John A. Brooks who died in 1909, Eva died in 1912, intestate and there was no administration upon her estate. She left as her sole heir an adopted daughter, the respondent Dorothy M. Barrows. The daughter Ida married Walter G. Bennett. Lucy married Alfred A. Shaw. Both Mrs. Bennett and Mrs. Shaw are now living and are respondents here. The daughter Maud married Frederick A. Barrows and died on March 22, 1905, intestate and there was no administration of her estate. She left as her sole heir the respondent Dorothy M. Barrows. Dorothy, soon after the death of her mother, with the consent of her father and of her uncle John A. Brooks, was adopted by her aunt Mrs. Books, as stated above.

In the distribution of the trust estate question has arisen as to the relative rights of Mrs. Bennett and Mrs. Shaw, the two surviving daughters of Charles S. Mathewson, and Dorothy M. Barrows, who is the daughter in blood and the sole issue of one of the deceased daughters of Charles, and is also the adopted daughter and by force of the statute the sole heir and distributee of the other deceased daughter of Charles. The complainant is seeking a construction of the terms of the trust last quoted above as an aid in the proper distribution of the trust estate.

It is the claim of the respondents Bennett and Shaw that the gift to the children of Charles was contingent until the death of their father, and that the trust estate should now be distributed, in the following proportions to those, in whom upon the death of Charles the gift vested, as those respondents contend: one third to each of the two surviving daughters of Charles and one third to the respondent Dorothy M. Barrows as the sole issue of her natural mother Maud Barrows.

For support of their claim the respondents Bennett and Shaw put some reliance upon the fact that there are no words in the will importing a gift to the children of Charles other than appears in a direction to the trustee, upon the death

of Charles, "to pay over, transfer and convey" the trust estate to his children. These respondents are relying upon a rule of construction, that a gift, found solely in a direction to pay at a future time, is an indication that the testator intended to annex futurity to the substance of the gift and not merely to its enjoyment, and thus marked the gift as contingent. The testamentary provision before us, however, is within the frequently recognized exception to the rule which is here invoked. The direction to pay at a future time was plainly for the purpose of letting in the intervening trust for the benefit of Charles and his family. Solely from the form in which the testator stated his beneficence it should not be found that he intended to postpone its vesting until the death of Charles. *In re Norris*, 46 R. I. 57, at 63 and cases cited in that opinion.

According to the great weight of Rhode Island decisions our law favors the vesting of estates unless a testator has expressed a contrary intention in the will; and if his intention be doubtful a legacy will if possible be held to be vested rather than contingent   Save for the use by the testator of the expression "*per stirpes*" in the direction to the trustee, upon the death of Charles, to pay the trust estate "to the children of my said son in equal shares *per stirpes*" we should have no hesitation under the Rhode Island authorities in holding that, upon the death of the testator, each child of Charles then surviving took a vested interest in the trust estate which should remain at the termination of the trust, without any provision for the divesting of the same by the happening of any subsequent event. The provision that the remainder of the trust estate should be paid to the children of Charles in equal shares and yet *per stirpes* creates some uncertainty as to testator's intention. No interpretation which can reasonably be placed upon the phrase "*per stirpes*", however, gives any support to the claim that it was the testator's intention that the gift to the children of Charles was to be contingent rather than vested. An ambiguity somewhat similar to that before us was considered

in *Gee for an Opinion*, 44 R. I. 132. In the circumstances of that case the expression "*per stirpes* and not *per capita*" used in connection with the provision for a gift to a number of persons "share and share alike" was disregarded as having no application in the circumstances of that case. See also *Rogers v. Rogers*, 11 R. I. 38. In this case an interpretation may be given to the phrase "*per stirpes*", that it expresses the testator's intention that the issue of a child of Charles who deceased before the termination of the trust should take his parent's share by right of representation. In our opinion this is the most reasonable interpretation to be given to the phrase. If the phrase be so interpreted there would be incorporated in this gift a provision for the divesting of the vested interest of either of the daughters of Charles who was alive at the testator's death but who deceased before the termination of the trust leaving issue. In construing this testamentary provision, however, we are of the opinion, that whether we disregard the expression "*per stirpes*" or give it the interpretation which we have adopted above, in the circumstances of the case, the distribution of the trust estate would be the same. Under either construction the respondents Bennett and Shaw would each take the one-fourth of the trust estate which vested in her at the time of the testator's death. If the expression "*per stirpes*" should be disregarded the respondent Barrows would as the sole heir of her natural mother, Maud Barrows, take the one-fourth part of the trust estate which vested in Maud Barrows upon the death of the testator; and, under the statute, the respondent Barrows would also take, as sole distributee the estate of her adoptive mother, the one-fourth share which vested in her adoptive mother at the time of the testator's death. If the expression "*per stirpes*" should be interpreted as providing for the divesting of a share of a child of Charles who survived the testator but deceased before the termination of the trust leaving issue, then the vested interest of Maud Barrows was divested upon her death, and upon distribution the respondent Dorothy, as

sole issue of her natural mother, would take that one-fourth share by substitution under the provisions of the will; the share of Mrs. Brooks, the adoptive mother of Dorothy, who survived the testator and died before the termination of the trust without leaving issue, would not divest, but would upon distribution become a part of the intestate estate of Mrs. Brooks and would pass to her adopted daughter, the respondent Dorothy, by force of the statute relating to the rights of adopted children in the estates of their adoptive parents.

It is the claim of the respondents Bennett and Shaw, that it must be regarded as contrary to the intention of the testator that, upon distribution, his granddaughter Dorothy should take one half of the trust estate, while each of his daughters would receive but one quarter. These respondents concede that Dorothy should take whatever share would have belonged to her natural mother if alive at the termination of the trust. The share which vested in the adoptive mother of Dorothy upon the testator's death was not divested at the time of distribution, and upon her death became a part of her estate. As she died intestate, the share would pass to Dorothy as her sole heir. This result arises solely by force of the statute of descent and distribution, and is entirely disconnected with what might be inferred as the testator's intention if the possibility of such result had been called to his attention.

Our determination upon the bill certified is that upon the distribution of said trust estate one quarter should be paid to the respondent Bennett, one quarter should be paid to the respondent Shaw and one half should be paid to the respondent Dorothy M. Barrows.

On March 22, 1929, the parties may present a form of decree in accordance with this opinion.

*Tillinghast & Collins*, for complainant.

*Herbert A. Rice*, for respondent Barrows.

*Baker & Spicer, Albert A. Baker*, for other respondents.