EUGENE DU PONT AND EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Trustees under a certain agreement bearing date the Twenty-fourth day of April, A. D. 1929, with Amy E. du Pont,

*vs.*

AMY E. DU PONT, EUGENE DU PONT, ANNE DU PONT PEYTON AND JULIA S. DU PONT ANDREWS.

*New Castle, April 14, 1932.*

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for complainants.

*Hugh M. Morris,* for Amy E. du Pont.

*Charles F. Richards,* for Eugene du Pont and Anne du Pont Peyton.

*Hugh M. Morris,* and *Christopher B. Garnett,* of Washington, D. C., for Julia S. du Pont Andrews.

THE CHANCELLOR: A question has been raised with respect to parties—whether the cause can proceed to a decree because unborn contingent remaindermen cannot be bound by it, and second, if so, whether the living issue of Eugene du Pont, Anne du Pont Peyton and Julia S. du Pont Andrews should be made parties to the bill. The interests of the living issue just referred to are purely contingent. They depend for their vesting first upon the absence of issue on the part of Amy E. du Pont, next (subject to the failure of Miss du Pont to exercise the power of appointment) upon their surviving both her and their parents who are given a prior interest, which in the case of Eugene du Pont, if his vests, is an absolute one and in the cases of Mrs. Peyton and Mrs. Andrews is an equitable one for life remainder to their surviving issue.

Miss du Pont is unmarried. The law, however, regardless of her age presumes that she may marry and may bear children. *Taylor v. Crosson,* 11 *Del. Ch.* 145, 98 *A.* 375. Here is a class, then, having no living representative —her possible children or their issue—who have an interest under the trust in case any such should come into being and survive Miss du Pont. Since it cannot be known until after Miss du Pont's death whether she will leave issue living, the question arises of whether this cause can now proceed. The same question arises also because it cannot be now known whether any, and if any who, among the living or future issue of her brother and sisters will survive both her and their respective ancestors and thus become entitled to vested rights. Thus those who are ultimately to receive the stock which is in the trust, cannot be certainly identified. All interests after Miss du Pont's are contingent ones. Should this circumstance serve to prevent her from pressing her alleged right to a termination of the trust to a final decree? I think not.

If such parties can be brought before the court as will sufficiently represent all possible interests, it is conceded that the decree to be entered will be conclusive upon all. The bill is filed by the trustees, seeking instructions. Its filing was made necessary by the act of Miss du Pont in executing her deed of revocation and demanding a surrender to her of the trust property. I regard the suit, therefore, as one in which Miss du Pont is attacking the trust. The trustees as a matter of fact are actively and vigorously seeking to sustain it. Notwithstanding the position of the parties on the record, the substance of the matter is that Miss du Pont is the aggressor in seeking to strike down the trust and the trustees are defensively striving to uphold it. It should be emphasized that such is the nature of the case and what ensues with respect to the question of parties is applied to a case which in every essential is one of attack upon the existence of the trust.

Now that being the situation, the first question that arises with respect to parties is—do not the trustees sustain such a character as to make them representative of all the interests, so that when the trustees are before the court, all persons who may be interested in the trust whether *in esse* or *in futuro*, are vicariously present? The authorities appear to answer this question in the affirmative.

In *Kerr v. Couper*, 5 *Del. Ch.* 507, the Chancellor decreed the revocation of a voluntary trust on a bill filed by the settlor in which the trustee alone was defendant. The trust was to pay the income to the settlor for life and after his death to convey the corpus to the settlor's heirs at law. Unless the Chancellor considered that the trustee fully represented all future interests, it is difficult to justify his decree.

In *Everitt v. Everitt, L. R.* 10 *Eq.* 405, the case was one where an unmarried woman executed a voluntary trust under which income was payable to her for life and the corpus in default of appointment was to be paid to her children or if none to her next of kin. The settlor had not

married. She was the complainant and the trustee was the only party defendant. The Vice-Chancellor, with only those parties before him, refused, after final hearing, to sustain the trust on behalf of the future children, if any, and on behalf of the next of kin.

In *Kerrison, Assignee, v. Stewart, et al.*, 93 *U. S.* 155, 160, 23 *L. Ed.* 843, an active trustee for the benefit of creditors, constituted such by deed, was held to represent all parties entitled to the benefit of the trust to the extent that they, though not present, would be concluded by the decree in a suit by a stranger to defeat the trust. In that case the court observed that the trustee appeared and vigorously resisted the decree, as have the trustees in the instant case. The Supreme Court, however, recognized the propriety in some cases of making the beneficiaries parties. It said— "Undoubtedly cases may arise in which it would be proper to have before the court the beneficiaries themselves, or some one other than the trustee to represent their interests. They then become proper parties, and may be brought in or not, as the court in the exercise of its judicial discretion may determine."

The following cases are to the same effect: *Tucker v. Zimmerman*, 61 *Ga.* 599; *Winslow v. Minnesota & Pacific Railroad Co., et al.*, 4 *Minn.* 313 (*Gil.* 230), 77 *Am. Dec.* 519; *Rogers v. Rogers*, 3 *Paige* (*N. Y.*) 379; *Wakeman v. Grover*, 4 *Paige* (*N. Y.*) 23.

In *Temple, et al., v. Scott, et al.*, 143 *Ill.* 290, 32 *N. E.* 366, it was held that in a suit to set aside a trust deed as having been executed in fraud of creditors, contingent remaindermen were held to have been represented by the trustee alone and were accordingly barred by the decree, and this was held notwithstanding the class was represented by two persons in being who were not joined as parties.

The general statement is made in 21 *C. J.* at *page* 290 that "in the case of trust relations, the doctrine of representation is very clearly applicable, for such relations are created for the very purpose of furnishing a representative

for the *cestuis que trustent*. Accordingly in many but not all cases, trustees sufficiently represent their beneficiaries, either as plaintiffs or defendants, and the latter are therefore not necessary parties."

Under the principle of these authorities, no person other than the trustee is a necessary party in order that all the contingent interests might be concluded by the decree. But it may be well not to rest the question of parties upon this view alone. While no persons other than the trustees might be necessary as indispensable parties, yet if there are others in being who are interested it is wise, I think, to join them. I say this because the joining of such persons is calculated to buttress the decree to the extent at least of adding the weight of their individual as well as their representative capacity to that of the trustees as parties.

The complainants filed the bill as trustees. Besides the settlor they have joined her brother and two sisters, the persons who are next contingently entitled after the death of Miss du Pont without issue. There is of course no issue of Miss du Pont. If she leaves any to survive her, such issue would take to the exclusion of all others. Next in right, in the absence of issue on her part, as just stated, would be her brother and sisters. Their children are possible beneficiaries. They have contingent interests. There are several of them in being, but none are made parties. Others may yet be born. If those in being are made parties, they would of course be concluded by the decree. But would their presence have any effect as virtual representatives of the unborn? I am of the opinion that it would.

If we were to borrow the rule applicable to legal estates, they would probably be unnecessary as parties, for according to that rule, as it is sometimes defined, contingent remaindermen are sufficiently represented by the life tenant where there is no vested interest in remainder after a life estate. *Gifford v. Hart*, 1 *Scho. & Lef.* 386; *Baylor's Lessee v. Dejarnette*, 13 *Grat.* (54 *Va.*) 152; *Calvert on*

*Parties,* 51; *Story's Equity Pleading,* § 145. But it has also been decided that in such cases, if there are contingent remaindermen in being, they should be made parties and when so made they will be held to be the binding representatives of all the other contingent interests. *Masonic W. & O., etc., v. Hieatt Bros.,* 197 *Ky.* 301, 247 *S. W.* 34; *Lowe v. Taylor, et al.,* 222 *Ky.* 846, 2 *S. W.* (2d) 1042. In another class of cases, which class concerns trusts, it has also been held that all persons *in esse* who are contingently interested, should be joined as parties. *Faulkner v. Davis,* 18 *Grat.* (59 *Va.*) 651, 98 *Am. Dec.* 698; *Hale v. Hale, et al.,* 146 *Ill.* 227, 33 *N. E.* 858, 868, 20 *L. R. A.* 247; *Moseley v. Hankinson,* 22 *S. C.* 323.

Conceding that there may be a doubt as to the amplitude of the representative capacity of the trustees to embrace all the contingent interests represented by them so as to conclude them by a decree in this case, that doubt may be removed as dangerous by bringing before the court all the persons now in being who may by any possibility acquire ultimate rights in the trust corpus.

If this is done, I do not see how any question can remain as to the effectiveness of the final decree, whatever it may be, as a binding adjudication upon all the contingent interests. Out of an abundance of precaution, I think it best that the absent contingent remaindermen who are in being should be made parties.

The doctrine of virtual representation has no applicability where the interests of the party present in the cause, by virtue of whose presence others not in being are said to be represented, are opposed and hostile to the interests of the latter. *M'Arthur v. Scott,* 113 *U. S.* 340, 5 *S. Ct.* 652, 28 *L. Ed.* 1015; *Underhill v. U. S. Trust Co.,* 227 *Ky.* 444, 13 *S. W.* (2d) 502; *Chaffin v. Hull,* (*C. C.*) 49 *F.* 524. Such, however, is not the situation in this case. The cases just cited emphasize the duty resting upon the court to see to it that the parties before the court shall sustain such a character and assert such an interest as will assure a fair trial

of the issue in behalf of all. As I view this case, the only parties who are taking a genuinely adversary position are the trustees. The parents of the existing nieces and nephews of Miss du Pont, in so far as they are able, from motives which I have no doubt are entirely proper, are consenting to a termination of the trust. Certainly the children, living and unborn, are not fairly represented by that attitude. Inasmuch as a duty rests upon the court to concern itself to see to it that such parties are before the court as to insure a fair trial of the issue in behalf of all the unborn issue (*M'Arthur v. Scott, supra*), I am of the opinion that all the persons in being who are contingently interested should be joined as parties. This conclusion springs doubtless from an excess of solicitude that the unborn persons shall be represented as fully as the circumstances will admit. It is not to be understood as in any way insinuating that the trustees have in the least relaxed their efforts in support of the trust. On the contrary, the trustees have been commendably energetic in that regard. If those contingent remaindermen who are in being are brought into the cause, then the situation as to parties will be fortified to the fullest extent possible under the existing circumstances, for in that case such representation of the unborn as is afforded by the presence of the trustees will be supplemented by the presence of persons who, according to one line of authorities hereinbefore cited, are necessary to be made parties if the interests of the unborn are to be concluded by the decree.

I cannot accede to the view that because there are at present no vested interests in existence other than Miss du Pont's equitable one for life, there can therefore be no adjudication of her right to terminate the trust. If she has a just cause entitling her to a termination, she is entitled to relief. If she must abide the happening of events which will precipitate into vested interests those which are now contingent, then of course she can never secure her redress, no matter how meritorious her claim to it may be,

for it is her death which is the primary precipitating event. To say that under such circumstances as we find here, she could have no relief would assert a doctrine, to quote from *Bofil v. Fisher*, 3 *Rich. Eq.* 1, 55 *Am. Dec.* 627 "that would render conditional limitations and contingent remainders an intolerable evil." In *Hale v. Hale, supra,* it was said that "if persons in being are before the court, who have the same interest, and are equally certain to bring forward the entire merits of the question, and thus give such interests effective protection, the dictates both of convenience and justice require that there should be a complete decree."

If the trustee, the contingent life interests, and the ultimate contingent interests in those of her brother's and sisters' issue who are in being are all before the court, I am of the opinion that the court will be safe in concluding that the interests of unborn issue of not only herself but of her brother and sisters will be virtually represented. It is to be borne in mind, that there is no antagonism of interest among the living persons contingently interested and those who may yet be born. The living, together with those who may yet be born, are united upon a common ground of an interest adverse to Miss du Pont's. There is thus a unity and harmony of interest among all the possible classes of contingent remaindermen, those living as well as those unborn. They make a common cause against her. Such being the case there is no reason why the court should hesitate to proceed with the cause to a final decree.

I may say in conclusion that when the minors who are contingently interested are made parties, their parents should not be admitted as guardians *ad litem* to appear in their behalf. This should in no sense be taken as a reflection upon the parents. My thought is that inasmuch as the parents by their answers have displayed a non-adversary attitude it would be more in the interest of a full and fair trial of the issue to have the contingent interests of the children, born and unborn, represented by persons who are more litigiously disposed.

The cause will stand over, in order that the complainants may be afforded an opportunity to bring in as parties all persons *in esse* who are in anywise interested. Such parties will be accorded the opportunity to either attack or supplement the case made by the present record according as they may be advised.

Order accordingly.

NOTE.—After final hearing the trust agreement was held to be irrevocable, and the opinion will be reported in 19 *Delaware Chancery Reports*. See also 164 *Atl.* 238.