188 A.2d 361 (1962)
P, Plaintiff,
v.
WILMINGTON TRUST COMPANY, Surviving Trustee under the Agreement dated August 16, 1926 with P; A, B, C, D, E, F, G, H, I, J, K, L, M, N, O and R, Defendants.
Court of Chancery of Delaware, New Castle.
November 21, 1962.
*362 William Prickett of Prickett, Prickett and Tybout, Wilmington, for plaintiff.
William S. Potter and James L. Latchum of Berl, Potter & Anderson, Wilmington, for defendant Wilmington Trust Co., surviving trustee under the agreement dated August 16, 1926 with P.
W. Laird Stabler, Jr., Wilmington, for the individual defendants.
MARVEL, Vice Chancellor.
On August 16, 1926, plaintiff, who was then as now married but without issue or children by adoption, transferred to named trustees her vested remainder or share in a trust estate created under her father's will. She now seeks to have such trust declared ineffective on the grounds of uncertainty or terminated on her individual action and that of her husband's. Alternatively, she argues that if it should be determined that the consent of others to such termination is required that all interested parties other than the present and future children of H, P's brother, have assented thereto. The answer of the defendant Wilmington Trust Company denies that plaintiff failed to create an effective trust and questions plaintiff's power to terminate it in the light of the possibility of an interest in the trust property on the part of future natural or adopted children. Both plaintiff and the defendant Wilmington Trust Company, surviving trustee, have moved for summary judgment. The individual defendants, namely trustor's husband, a brother, and all of trustor's nieces and nephews by blood, not only admit the basic allegations of the complaint as amended but consent to plaintiff's request that the trust be terminated.
The instrument creating the inter vivos trust here in litigation first provides for the payment of the net income from the principal of such trust to the trustor for life with authority granted to the trustees therein named to make payments to the trustor from principal when needed "* * * to meet any unforeseen contingencies * *", including family illnesses or injuries, as well as for the education, support and needs of any children "* * * and generally for such purposes as in their judgment would seem proper without encouraging extravagance * * *".
The trust agreement then goes on to provide that on the trustor's death "* * * without any children, or the issue of deceased children her surviving * * *" the net income derived from the trust should be paid to her surviving husband, and that on his death that the corpus of the estate be paid over to "* * * such person or persons or for such estates as said Trustor shall by last Will and Testament, duly executed by her, direct, limit and appoint, and in default of any such appointment, then in Trust to the nephews and nieces of said Trustor in equal shares, and their heirs, executors, administrators and assigns per stirpes * * *"
The agreement then provides as follows:
"7. In the event of the death of any child or children, or the issue of any deceased child or children, before attaining the age of twenty-one years (21 yrs.), leaving no issue him or her surviving, the share held for such child so dying shall be added equally to and form a part of the shares of the surviving children and shares held for the issue of any deceased children.
"8. In the event of the death of the issue of any deceased child before attaining the age of twenty-one years (21 yrs.), the portion of the Trust Fund held for the issue so dying, shall be divided equally among the surviving brothers and sisters, if any, of the issue so dying, otherwise it shall be added equally to and form a part of the shares of the surviving children and shares held for the issue of any deceased children."
Plaintiff first argues that the trust in question is too indefinite to be enforceable, however, I conclude that despite obvious faults of draftmanship the instrument here under attack does set forth an effective, if possibly incomplete, trust arrangement. First of all it provides for the payment *363 of income to the trustor for life, next a gift by implication to her children or their issue, if any, on the trustor's death, or in the alternative the payment of a life income to her surviving husband on the trustor's death "* * * without any children or the issue of deceased children her surviving * * *", and finally at the conclusion of a life estate to her surviving husband the payment over of the corpus of the trust as appointed in the trustor's will.
Thus, despite the ambiguities of the document concerning the estate to be taken by trustor's children or their issue or on the other hand by her nephews and nieces in the event of trustor's failure to appoint, the trust is in my opinion not so incomplete as to be entirely ineffective. Parts of a trust which are clear and unambiguous should not be rendered nugatory because of doubts about the method chosen by the testator for disposal of the remainder, Wilmington Trust Co. v. Wilmington Trust Co., 21 Del.Ch. 102, 180 A. 597, and Wilmington Trust Co. v. Wilmington Trust Co., 25 Del. Ch. 121, 15 A.2d 153. In any event the problem created by the language used in the gift over provision, which would become operative only in the event of trustor's failure to exercise her power of appointment, will obviously not arise until the death of the trustor.
Plaintiff contends nonetheless that the trust agreement in question does not contain an express provision[1] governing the payment of income or principal to trustor's own children or their issue on her death and that the contingent remainder sought to be given to her nephews and nieces has been waived except in the case of the children of the trustor's brother. As to such nieces and nephews it is submitted that except for the possible issue of plaintiff's brother such class is closed inasmuch as trustor's sisters are incapable of bearing more children.
A cursory reading of the entire trust agreement in litigation is, of course, sufficient to disclose that a clause spelling out the nature of payments to be made to the trustor's children or their issue on trustor's death was omitted from the agreement. There is no doubt, however, but that the settlor intended that the trust being created for her was to inure not only to the benefit[2] of her children prior to her death but by clear implication that her children were to be the primary beneficiaries of the trust after her death. Paragraph 6 reads in part as follows:
"In the event of the death of P, Trustor, without any children or the issue of deceased children her surviving, Trustees shall pay over the net income unto A, husband of said Trustor for and during the term of his natural life".
Admittedly, as noted above, a clause specifically delineating the terms of the gift to children is not contained in the agreement, however, in the absence of a contrary intent, which is clearly absent here, the language actually used carries a clear inference that the children, if any, or the issue of any deceased child of the trustor are to be benefited in the event the trustor should be survived by children or their issue, 3 Restatement of the Law, Property, § 272, and Simes and Smith, Future Interests (2nd Ed.) § 842. Such rule which was developed in the law of wills has been held applicable to an inter vivos trust, DuPont v. Equitable Security Trust Co., 35 Del.Ch. 514, 122 A.2d 429, and Brock v. Hall, 33 Cal.2d 885, 206 P.2d 360, 11 A.L.R.2d 672. Thus, the trustor's possible future children *364 or their issue have an interest in the trust in question which cannot be ignored. Finally, were there any doubt about the application of the doctrine of an implied remainder to trustor's possible children or their issue, an ultimate gift over to trustor's nieces and nephews was clearly intended and trustor's sisters are alive.
Plaintiff, however, is sixty four years of age and, according to her, through the period of menopause. Competent physicians have verified such fact and that she never will be capable of bearing children. She therefore contends that there is no possibility of her bearing children and that the same holds true of her three sisters because of the age of each, the youngest being sixty two years of age. She argues accordingly that all possible parties with the exception of her brother's adopted daughter and his possible issue are before the Court and assent to the termination of the trust in question. Accordingly, she submits that at the least she is entitled to have the trust terminated in part.
The facts as to trustor's age and physical condition and that of her sisters are not denied but rather are countered by invocation of the inexorable common law doctrine, usually applied in determining questions of remoteness of vesting but nonetheless clearly recognized in Delaware, that human beings are presumed to be capable of getting and bearing children regardless of age, Taylor v. Crosson, 11 Del.Ch. 145, 98 A. 375, DuPont v. DuPont, 18 Del.Ch. 316, 159 A. 841, and Equitable Trust Company v. McComb, 19 Del.Ch. 387, 168 A. 203. In DuPont v. DuPont, Chancellor Josiah Wolcott, in making a preliminary determination as to necessary and indispensable parties in an action brought by a trustor for the purpose of terminating an inter vivos trust, stated as to the trustor "* * * Miss duPont is unmarried. The law, however, regardless of her age presumes that she may marry and may bear children."
While such principle has no support in contemporary gynecology, and has, as plaintiff points out, been rejected in other jurisdictions in cases where competent evidence has established that childbearing is realistically speaking an impossibility, it is not the proper function[3] of this Court to overturn a rule which has not only not been questioned but rather cited as authoritative in earlier Chancery decisions.
Accordingly, plaintiff's other contentions, all of which presuppose a finding that not only plaintiff's but her sisters' expectations of issue are extinct, are not reached.
On notice, an order granting the corporate defendant's motion for summary judgment will be entered.
NOTES
[1] Significantly such an additional clause governing payments to the children of a trustor or their issue was included in similar trusts created at or about the same time by trustor's brother and sisters.
[2] Paragraph 5 authorizes payments from principal by the trustees "* * * to meet any unforseen contingencies, such as serious injury or ill health, to her, or her children, or for the education and support or needs of her children * *"
[3] The Lord Chancellor's Law Reform Committee in England has proposed a statute creating inter alia a rebuttable presumption that a female of fifty five years or more cannot procreate. See Article by W. Barton Leach, Vol. 48 American Bar Association, Journal p. 942.