191 A.2d 98 (1963)
A. B., Plaintiff below, Appellant,
v.
WILMINGTON TRUST COMPANY, Surviving Trustee Under Agreement Dated August 16, 1926, etc.; And Others, Appellees.
Supreme Court of Delaware.
May 3, 1963.
William Prickett, of Prickett, Prickett & Tybout, Wilmington, for appellant.
William S. Potter and James L. Latchum, of Berl, Potter & Anderson, Wilmington, for appellees, Wilmington Trust Co., Trustee.
SOUTHERLAND, C. J., and WOLCOTT and TERRY, JJ., sitting.
*99 SOUTHERLAND, Chief Justice.
This is a suit by the settlor of an inter vivos trust seeking to terminate the trust on the ground that all parties in interest (with one exception) are living, are sui juris, and have consented to the termination.
In the court below, plaintiff and defendant trustee filed cross motions for summary judgment. The case was heard on the pleadings and affidavits, and the Vice Chancellor granted the trustee's motion. Plaintiff appeals.
Plaintiff's father died on September 28, 1916. By his will he left his estate in trust for his wife for life, with remainder over to his children in equal shares freed of trusts. The widow died in 1958.
In the meantime plaintiff, one of the daughters, had in 1926 created an inter vivos trust in respect of her vested remainder under her father's will. Paragraph 4 of the agreement transfers her share to Wilmington Trust Company and an individual (since deceased), as trustees. Paragraph 5 provides for the payment of the net income to the plaintiff, and for the invasion of the principal under certain circumstances.
Paragraphs 6, 7 and 8 read as follows:
"6. In the event of the death of * *, Trustor, without any children her surviving, Trustees shall pay over the net income unto * * *, husband of said Trustor, for and during the term of his natural life, and upon his death, Trustees shall assign, transfer and pay over, absolutely and free and discharged from any Trust, the principal or corpus of said Trust Estate unto such person or persons or for such estates as said Trustor shall by Last Will and Testament, duly executed by her, direct, limit and appoint, and in default of any such appointment, then IN TRUST to the nephews and nieces of said Trustor in equal shares, and their heirs, executors, administrators and assigns per stirpes."
"7. In the event of the death of any child or children, or the issue of any deceased child or children, before attaining the age of twenty-one years (21 yrs.), leaving no issue him or her surviving, the share held for such child so dying shall be added equally to and form a part of the shares of the surviving children and shares held for the issue of any deceased children."
"8. In the event of the death of the issue of any deceased child before attaining the age of twenty-one years (21 yrs.), the portion of the Trust Fund held for the issue so dying, shall be divided equally among the surviving *100 brothers and sisters, if any, of the issue so dying, otherwise it shall be added equally to and form a part of the shares of the surviving children and shares held for the issue of any deceased children."
There is no provision expressly creating an estate in remainder for the plaintiff's children. There is also no provision setting forth the terms of a trust for the nephews and nieces. It appears to be quite uncertain whose child or children are referred to in paragraphs 7 and 8. It must be conceded that substantial mistakes or oversights occurred in the drafting of the instrument.
I. Plaintiff's first contention is that the whole agreement is void for uncertainty.
(1) It is first argued that there is no provision for the disposition of either income or corpus if plaintiff leaves issue. Without such provision, plaintiff appears to contend, the instrument is too indefinite to be enforced.
This argument overlooks the rule that a gift to A and if he dies without issue then to B, etc., creates a remainder in A's issue by implication. This is a rule more usually applied to testamentary trusts, but it has been held applicable also to inter vivos trusts. Du Pont v. Equitable Security Trust Co., 35 Del.Ch. 514, 122 A.2d 429. It should be applied here. It is quite unreasonable to suppose that plaintiff did not intend to make provision for her children if she should have any. The provisions of paragraph 5 concerning the invasion of the principal refer to children. The Vice Chancellor so held, and we agree.
(2) It is next argued that the provisions of paragraph 6 leaving the estate "in trust" for plaintiff's nephews and nieces are void for indefiniteness, because they fail to specify the terms of the trust; i. e., they do not specify whether the nephews and nieces are to receive the income for life or whether they are to receive the corpus outright on the death of plaintiff's husband.
There are two replies to this argument.
First, it is premature to attack the alternative bequest to the nephews and nieces, because if plaintiff disposes of the property by will the bequest will never take effect. There is nothing indefinite about the husband's life estate or the reserved testamentary rights.
Second, as will appear in our discussion of plaintiff's second contention, the residuary bequest to the nephews and nieces is sufficiently definite to be enforceable.
Plaintiff makes the further point that the provisions of paragraph 5 bequeathing the remainders to the nephews and nieces are in hopeless conflict with the provisions of paragraphs 7 and 8. This argument assumes that the children referred to in 7 and 8 are the children of the nephews and nieces. It seems more likely that these provisions were intended to supplement an omitted provision for the payment of income to plaintiff's children. Indeed, this supposition is definitely confirmed by a comparison of this trust instrument and the comparable trust instruments of the sisters executed on or about the same time and prepared by or under the direction of the uncle of the four sisters, who is also named as the individual trustee.
As these provisions stand, they cannot be woven effectively into the remainder of the trust agreement; but this conclusion does not render the whole instrument void. The life estates of plaintiff and her husband, the right of testamentary disposition, and in default thereof the provision for the nephews and nieces in default of testamentary disposition, may all stand.
We think that the trust agreement cannot be declared void in toto for uncertainty.
II. Plaintiff's second contention is that even if the trust agreement is not void for uncertainty, it may be partially terminated because all parties beneficially interested *101 are in being, are sui juris, and have consented thereto.
Plaintiff has one brother and three sisters. The brother, who is 65 years old, is separated from his wife and has no children. The sisters, who are 68, 67 and 61 years of age, all have children living.
Thus, under the terms of the trust agreement, the only persons in addition to the plaintiff who have any interest in the trust, vested or contingent, are the following:
Plaintiff's husband
Plaintiff's children, if she shall have any
Plaintiff's nephews and nieces, and any other nephews and nieces that may be born hereafter, and the issue of any nephew or niece, provided plaintiff dies without issue and does not exercise her testamentary right of appointment.
Plaintiff and her husband, and all of her nephews and nieces, have consented to the termination of the trust. As to the interest of plaintiff's issue, and the interest of any additional issue that may hereafter be born to any of her sisters, plaintiff says that there is now (with one exception) no possibility of there being any such issue, because she and her sisters have had the menopause and are incapable of now bearing children. As for possible issue of the brother, plaintiff says that the court may order a partial termination of the trust and require a forthcoming bond to protect the interests of such issue.
Plaintiff's argument that possibility of issue of herself and her sisters is extinct is met at once by the conclusive presumption of the common law that a woman may bear children as long as she lives. Taylor v. Crosson, 11 Del.Ch. 145, 98 A. 375; Du Pont v. Du Pont, 18 Del.Ch. 316, 159 A. 841; Equitable Trust Co. v. McComb, 19 Del.Ch. 387, 168 A. 203. Plaintiff argues, persuasively and with much force, that in the light of modern medical knowledge the rule in its rigid form has no place in the law. For example, to apply the rule to the case of a woman whose reproductive organs have been removed by surgery approaches the absurd. See Restatement of Trusts (2d) § 340(e); 3 Scott on Trusts § 340.1; 6 American Law of Property, § 24.22.
But we do not reach this question. Indeed, on the question of whether or not the abolition of the common law conclusive presumption as to the possibility of issue is a matter for judicial or legislative action, the Court is divided. However, we shall assume, without deciding, that as to plaintiff and her sisters possibility of issue is extinct, and that the interest of each of the nephews and nieces is a vested remainder, subject to be divested by the exercise of the power of appointment, but not by the birth of additional members of the class. Even on this assumption, we are of opinion that the remainder is also subject to be divested by the death of any nephew or niece before the time of distribution leaving issue surviving. Such issue, we think, has a contingent interest in the corpus of the trust. There is, therefore, an interest in respect of which consent to termination cannot be obtained.
The pertinent language is that of Paragraph 6, quoted above. It provides that upon the death of Trustor's husband, then to such persons as Trustor by will may appoint "absolutely and free and discharged of any trust", and in default of appointment, "then IN TRUST to the nephews and nieces of said Trustor in equal shares, and their heirs, executors, administrators and assigns per stirpes."
What is the significance of the phrase "in trust"? In the light of the preceding language providing for an outright gift, free of any trust, it seems doubtful that any actual trust was intended by the use of the phrase. On the contrary, the concluding language imports an absolute *102 bequest, and there is nothing in the instrument setting forth the terms of any such trust. The phrase "in trust" in itself is insufficient. Just as it is possible to create a trust without using the word "trust" or "trustee", so the use of the word "trust" does not necessarily show the intention to create one. 1 Scott on Trusts, § 24. The question is whether any trust was actually intended. We are of opinion that none was intended, and that the gift is outright, free of trust.
What sort of estate is created?
If the concluding language had omitted the phrase "per stirpes", the words "heirs, executors, administrators and assigns" would clearly have been words of limitation and not of purchase. The estates would have been absolute and not subject to be divested by death leaving issue. They would have been devisable or assignable by the nephews and nieces. In re Nelson's Estate, 9 Del.Ch. 1, 20, 74 A. 851. Under those conditions the consent of nephews and nieces would have been sufficient to bar their issue (assuming, as we do, no possibility of enlarging the class.)
But the phrase "per stirpes" prevents such a result.
It means, of course, "by right of representation". Thus, the estate is in effect given to the nephews and nieces and their heirs or next of kin by right of representation. The phrase necessarily imports an interest in members of a subsequent generation.
"The words `per stirpes' are not strictly applicable to named legatees, or legatees designated as a class, and are ordinarily, at least, appropriate and are used with respect to substitutional gifts to substituted legatees in the case of the death of a primary legatee." In re Title Guarantee & Trust Co., 159 App.Div. 803, 144 N.Y.S. 889, aff'd 212 N.Y. 551, 106 N.E. 1043.
The only reasonable construction of the language is therefore to create a substitutionary gift. Upon the death of a nephew or niece before distribution leaving issue, the share of such nephew or niece is divested, and the issue take direct from the Trustor. In re Nelson's Estate, supra; Delaware County Trust Co. v. Hanby, 19 Del.Ch. 228, 165 A. 568. This conclusion is clearly indicated by the position of the phrase at the end of the sentence.
It is true, as plaintiff says, that in the Nelson case express language was employed to create the substitutionary gift; i. e., the heirs of any child dying before distribution are "entitled to such share or shares as their respective ancestors would have been entitled to". 9 Del.Ch. 14, 74 A. 852. But this is only to spell out in precise terms the implicit meaning of the legal shorthand phrase, "per stirpes".
That a substitutionary gift may be created by implication is well settled. Thus a gift to "A or his heirs" creates a substitutionary gift. Fisher, Adm'r, v. Barcus, 14 Del.Ch. 324, 127 A. 53; Delaware County Trust Co. v. Hanby, supra.
There is ample authority to support the conclusion above stated.
In Rhode Island Hospital Trust Co. v. Shaw, 50 R.I. 78, 145 A. 98, the bequest of the corpus was to "the children of my said son in equal shares per stirpes." Conceding that there was some doubt of the testator's intention, the court held that an interpretation could be given to the phrase "per stirpes"; i. e., it expressed the intention that the issue of a child who died before the termination of the trust should take his parent's share by right of representation.
In the instant case there is nothing to cast doubt upon the settlor's intention.
To the same effect is Safe Deposit & Trust Co. of Baltimore v. Lycett, 153 Md. 443, 138 A. 225.
*103 See also Restatement, Property, § 300, comment (f).
Plaintiff's answer to this construction of the language is that the phrase "per stirpes" refers to the brothers and sisters of the settlor, with the result (presumably) that the corpus is divided into four shares and is given to the issue (the nephews and nieces) per stirpes.
This is obviously wrong. The bequest to the nephews and nieces is "in equal shares", and this phrase imports a gift per capita. Kean's Lessee v. Roe & Hoffecker, 2 Harr. 103; In re Nelson's Estate, supra.
We can find no reasonable construction of the phrase "per stirpes" other than one which imports a substitutionary gift.
We are of opinion that the language of the concluding clause of Paragraph 6 of the trust agreement creates a contingent interest in the trust corpus in the issue of the nephews and nieces, and that the consent of the nephews and nieces alone is ineffective to bar such interest.
It follows that the agreement may not be terminated.
The judgment of the Court of Chancery is affirmed.